541 P.2d 1154
**STATE of Arizona, Appellee,**
v.
**Ernest Perez ARMENTA, Appellant.**
**No. 3239.**

Supreme Court of Arizona,
In Banc.
Nov. 6, 1975.

Bruce E. Babbitt, Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div., Georgia C. Butcher, Asst. Atty. Gen., Phoenix, for appellee.

Derickson & Kemper by James Hamilton Kemper, Phoenix, for appellant.

GORDON, Justice:

The appellant, Ernest P. Armenta, was convicted of selling heroin in violation of A.R.S. § 36–1002.02 and was sentenced to a term of from five years to five years and one day in the Arizona State Prison. We take jurisdiction of this case pursuant to Rule 47(e)(5), Rules of the Supreme Court.

■ The appellant's sole allegation of error is that he was denied his right under the Arizona Rules of Criminal Procedure and the Fourteenth Amendment to the United States Constitution to be present when the testimony of a prosecution witness, Glendale Police Officer Tony Garcia, was read to the jury during their deliberations. It is firmly established that "[o]ne of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L. Ed.2d 353 (1970). See Rule 19.2, Arizona Rules of Criminal Procedure, 17 A.R.S. This constitutional protection includes the right to be present when portions of the record are repeated at the request of the jury during their deliberations. *Akins v. Cardwell,* 500 F.2d 47 (9th Cir. 1974); *Bustamante v. Eyman,* 456 F.2d 269 (9th Cir. 1972).

A defendant may, however, waive his right to be present. In order to find a waiver it must be shown that the defendant had personal notice of the proceeding, that he was aware that he had a right to

attend and that he had been informed that the proceeding would go forward in his absence should he fail to appear. *State v. Tacon,* 107 Ariz. 353, 488 P.2d 973 (1971), cert. dismissed 410 U.S. 351, 93 S.Ct. 998, 35 L.Ed.2d 346 (1973). Rule 9.1, Arizona Rules of Criminal Procedure, 17 A.R.S.

■ A survey of the record discloses that during the jury's deliberations on the first day of the trial the foreman submitted a note to the bailiff in which the jury inquired whether Officer Garcia had testified to certain facts concerning the alleged purchase of heroin from Armenta. The jury was then told that "[n]either the Court nor the lawyers can at this point make a comment on what the evidence is," but that "[y]ou may request to have the testimony of certain witnesses or parties repeated by the Court Reporter." Upon reading this the foreman responded "[t]hat's what we wanted." The jury at that point adjourned for the evening without reaching a verdict. The proceedings were scheduled to resume at 9:00 a. m. the next morning.

When Armenta had failed to appear by 9:45 a. m. the court concluded that the defendant had waived his right to be present at the reading of the testimony and directed the court reporter to proceed in his absence. We find no error. Defense counsel acknowledged that he had told the defendant the previous evening that "[t]he jury is going to come back and start deliberating again at 9:00 o'clock in the morning and you should be around here somewhere * * *." The "Release Order" signed by the defendant when he was released on his own recognizance states in bold face type: "WARNING TO THE DEFENDANT: You have a right to be present at your trial and at a number of other proceedings of which you will be notified. If you do not appear at the time set by the court, a warrant will be issued for your arrest and the proceedings will begin without you." The comment to Criminal Rule 9.1, entitled "[d]efendant's waiver of his right to be present," specifi-

cally approves such a warning in the Release Order. The trial court was clearly presented with sufficient evidence to infer that Armenta waived his right to be present during the reading of Officer Garcia's testimony. *State v. Thornburg,* 111 Ariz. 254, 527 P.2d 762 (1974).

The conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.