549 P.2d 595

**STATE ·of Arizona, Petitioner,**

**v.**

**Henry Eugene PEREZ, Respondent.**

**No. I CA–CR 1831–PR.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 13, 1976.

Rehearing Denied June 15, 1976.
Review Granted July 20, 1976.

Moise Berger, Maricopa County Atty., by Randy L. Ellexson, Deputy County Atty., Phoenix, for petitioner.

Derickson, Kemper & Henze, by James Hamilton Kemper, Phoenix, for respondent.

## OPINION

JACOBSON, Presiding Judge.

This is a petition for review filed by the state seeking review of the trial court's order under a post-conviction relief proceeding (Rule 32, Rules of Criminal Procedure), granting the defendant, Henry Eugene Perez a new trial, and vacating the verdict, judgment and sentence previously entered in this matter.[1] We have granted review, but deny relief.

Following judgment of guilt of the crime of sodomy and while his appeal from that conviction was pending, the defendant, in propria persona, filed in the trial court a petition for post-conviction relief pursuant to Rule 32, Rules of Criminal Procedure. The state responded to the pro per petition seeking summary dismissal on the grounds that the matters raised by the petition were raised or could have been raised in defendant's direct appeal pending at that time. The trial court appointed counsel to represent the defendant at the Rule 32 proceedings, who filed an amended petition alleging for the first time that the defendant had not been present in the court during the re-reading of portions of the testimony to the jury after they had begun their deliberation. A second amended petition was also filed alleging the unconstitutionality of A.R.S. § 13–651 (the statute under which the defendant was convicted) relying on the

Court of Appeals' decision in *State v. Bateman,* 25 Ariz.App. 1, 540 P.2d 732 (1975) and *State v. Callaway,* 25 Ariz.App. 267, 542 P.2d 1147 (1975). No response by the state was made to either of the amended petitions.

It appears that at the time for the re-hearing on the defendant's petition for post-conviction relief, defendant's counsel waived the grounds set forth in defendant's pro per petition and relied solely on the allegations of violation of defendant's right to be present and the unconstitutionality of the statute. It further appears that the state did not, at that time, urge preclusion, pursuant to Rule 32.2(a), Rules of Civil Procedure of the rights to raise these issues by a post-conviction relief proceeding, rather than on direct appeal. No evidence was taken at this hearing, other than oral argument by counsel, and the trial court being supplied with the pertinent portions of the trial transcript showing defendant's non-presence.[2] This transcript shows the following:

"The court: *State v. Perez.* Is Mr. Florence [defendant's counsel] coming?

"Mr. Ledsky [bailiff]: He is on the way.

"The court: The jury had requested to hear the testimony of the victim in regard to the bottle in the incident and I understand, Beti [court reporter], you have gone through your record and taken those portions where the testimony appears and have marked them, so you won't read those parts where an objection has been sustained. That goes to both the question and the answer.

"The court reporter: Yes.

"The court: Okay.

(Mr. Florence entered the courtroom.)

"The court: Mr. Jackson is present for the state; Mr. Florence is present, and

---

1. On direct appeal, defendant's judgment and sentence were affirmed in a memorandum decision by Department B of this court. *State v. Perez,* 1 CA–CR 1026, memorandum decision, September 30, 1975. The matters raised by this Rule 32 proceedings were not raised on direct appeal.

2. The judge who conducted the Rule 32 hearing was not the trial judge in this matter.

you are waiving the presence of the defendant for this, Mr. Florence?

"Mr. Florence: Yes, your Honor. He's in my office.

"The court: You may proceed."

Whereupon, the testimony requested by the jury was re-read.

The trial court in the Rule 32 proceedings, as previously indicated, granted the Rule 32 petition, vacated the previous verdict of guilt, judgment and sentence, and granted a new trial on the grounds that the reading of the victim's testimony in the absence of the defendant and without a determination that he was voluntarily absent, was error "which was not previously covered in this appeal of this matter." The trial court declined to rule on the constitutionality of the statute on the ground that both *Bateman* and *Callaway* had been granted review by the Arizona Supreme Court.[3] The state timely filed a motion for rehearing, contending for the first time that the issue of presence was waived under Rule 32.2(a) by not being raised on appeal; that the waiver of presence by counsel was binding on the defendant; and that in any event, the error complained of was harmless. The trial court denied the motion for rehearing and set trial in the matter for March 22, 1976, later moved up to March 16, 1976.

The state timely sought review of this order in this court and requested a stay of the trial pending our determination of this petition for review. On March 8, 1976, this court heard oral arguments on the request for a stay and granted the same pending further order of this court. On March 17, 1976, this court dissolved the stay, denied relief under the petition for review and or-dered the retrial of the defendant. In order to avoid possible conflicts in time limitations on defendant's retrial, our order of March 17, 1976, indicated the reasons for our order would follow in a written opinion. This opinion is in compliance with that order.

■ In our opinion, the only issues raised by the state's petition for review deal with the effectiveness of the waiver by counsel of defendant's presence at the reading of the testimony after the jury had begun its deliberation and whether, if that waiver was ineffective, this error was harmless. We reach this conclusion based upon the state's failure to respond or to object to the first amended petition for post-conviction relief filed in the trial court and thus raise the issue of preclusion under Rule 32.2(a)(3), Rules of Criminal Procedure, which provides:

"a. *Preclusion.* A petition will not be given relief under this rule based upon any ground:

\*　\*　\*　\*　\*　\*

"(3) Knowingly, voluntarily and intelligently not raised . . . on appeal . . .."

Subsection (d) of this same rule provides: "Prosecutor shall plead and prove any ground of preclusion by a preponderance of the evidence . . .." The state clearly failed to comply with Rule 32.2(d) as to defendant's first amended petition. Moreover, in our opinion, raising the issue of preclusion on its motion for rehearing is simply too late as evidence may be necessary on this issue.[4]

Turning then to the effectiveness of counsel's waiver of defendant's presence at

---

3. The trial court's forbearance on this issue was subsequently vindicated when the Supreme Court vacated the Court of Appeals' decisions in *Bateman* and *Callaway* and upheld the constitutionality of the statute involved. *State v. Bateman*, 113 Ariz. 107, 547 P.2d 6 (1976).

4. Defendant's counsel has avowed to this court that at the time of the hearing in this matter he informed the trial court and the prosecutor that he was prepared to have defendant's appellate counsel testify that the issue of defendant's non-presence was simply overlooked on the appeal and therefore no knowing or voluntary waiver occurred. The state does not dispute this avowal.

the reading of the portion of the victim's testimony, it is first necessary to ascertain the nature of the defendant's right to be present at this proceeding. The nature of this right has been settled in Arizona by *State v. Armenta,* 112 Ariz. 352, 541 P.2d 1154 (1975):

> "It is firmly established that '[o]ne of the most basic rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial.' *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed. 353 (1970). See Rule 19.2, Arizona Rules of Criminal Procedure, 17 A.R.S. *This constitutional protection includes the right to be present when portions of the record are repeated at the request of the jury during their deliberations.* [citations omitted]" (emphasis added)

*Armenta* goes on to hold that the defendant may waive his right to be present by voluntarily absenting himself from the proceedings but in order for such a waiver to apply "it must be shown that the defendant had personal notice of the proceedings, that he was aware that he had a right to attend and that he had been informed that the proceedings would go forward in his absence should he fail to appear." There was no showing by the state in this case that the defendant's non-compliance would constitute a voluntary absence and thus a waiver under the *Armenta* test.

█ If the defendant can voluntarily waive his presence, may counsel do so on his behalf? The Arizona Supreme Court, having classified the nature of the defendant's right to be present at the reading of a witness' testimony to the jury after they have retired to begin their deliberations to be one of constitutional dimensions, in our opinion that right then becomes personal to the defendant and cannot be waived by counsel without his consent. *Brown v. State,* 325 A.2d 557 (Md.Ct. of Appeals, 1974); *People v. Pierce,* 56 Ill.2d 361, 308 N.E.2d 577 (1974); *see, People v. Harris,* 43 Mich.App. 746, 204 N.W.2d 734 (1972).

This is in accord with the vast majority of states holding that the defendant's presence at other stages of the trial cannot be waived by counsel. *See,* Annot. 23 A.L.R.2d 456 at 494 (dealing with waiver by counsel of defendant's presence at the return of verdict); and, Annot. 94 A.L.R.2d 274 at 303 (dealing with waiver by counsel of defendant's presence at the giving of further instructions after the jury has retired to begin their deliberations.)

This does not mean that there are no circumstances under which the counsel's waiver of the defendant's presence is ineffective. In this regard, we agree with the statement of the Alaska Supreme Court in *Lee v. State,* 509 P.2d 1088 (Alaska 1973), that such a waiver is valid, but "only if either (1) the defendant has given counsel express authority in a knowing and intelligent manner, (2) the defendant is present at the time of the waiver, and has clearly been informed of his rights, and remains silent, or (3) the defendant subsequently acquiesces in the proceedings in a knowing and intelligent manner."

█ Again, in this case, there is no showing by the state independently, or by the meager transcript of the first trial that any of the three criteria we have adopted were present so as to validate counsel's waiver of his client's presence. We therefore hold that counsel's waiver was ineffective and proceeding in defendant's absence was error.

█ We now reach the issue of whether this error was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). When claiming that error of constitutional magnitude is harmless, the state has the heavy burden of proving it "beyond a reasonable doubt." *Chapman v. California, supra.* It would appear that the record is devoid of any attempt to meet this burden before the trial court. On this basis alone, the trial court can be sustained. But even if we assume that the transcript of the prior hearing as to what occurred was "proof",

we are not convinced that the error in this case was harmless beyond a reasonable doubt. We reach this conclusion because of the nature of the testimony sought to be reheard by the jury after their deliberations had begun. This testimony by the victim centered on the alleged non-consensual, deviate sexual acts performed by the defendant upon her by placing foreign objects in her vagina and rectum. Aside from the jury's memory being refreshed as to the specifics of this testimony, in our opinion, the jury was also entitled to consider in their deliberations the effect of this testimony upon the defendant himself so as to evaluate the weight it should be given. While this effect, if the defendant had been present, may have been minimal, we cannot say beyond a reasonable doubt that the defendant's absence had no effect whatsoever on the jury's final deliberation. This is especially true where the same jury acquitted the defendant of a count of forcible rape, and returned with their verdict of guilty of sodomy only approximately ten minutes after the reading of this testimony.

Based upon the foregoing, the state's petition for review is granted; the relief requested is denied; the trial court's order vacating the previous judgment of guilt and sentence and ordering a new trial is affirmed.

SCHROEDER, J., concurring.

WREN, Judge (dissenting).

I disagree with the conclusion of the majority that the record did not establish that the error here was harmless beyond a reasonable doubt. The decision has set forth the totality of what transpired at the rereading of the testimony. It is clearly apparent that nothing was said by the judge or the attorneys which could be construed as prejudicial to defendant in any way.

The opinion states that possible prejudice occurred because the jury was reread damaging testimony without an opportunity to observe the effect of that testimony on the defendant. I find such a position patently untenable. While I realize that the jurors' observation of testifying witnesses and the defendant may play a role in the evaluation of their credibility, the suggestion that reactions of a defendant upon rehearing testimony read by a court reporter may be of some importance in the jury's deliberations gives more weight to the acting abilities of a defendant than to the evidence presented.

The jury here was able to observe the defendant at the time the witness' testimony was originally taken, as well as the defendant's reaction to that testimony. I cannot agree that prejudicial error was committed when defendant was not present when that testimony was retraced. There is no suggestion that the transcript read to the jury was inaccurate or incomplete in any respect, or that there was anything defendant could have done by being present. In my opinion we exceed the boundaries of reason when we assert that the privilege of presence has constitutional dimensions so broad that its application is mandated even though the presence would be useless or of minimal benefit.

The situation here is not unlike the remand of *Bustamante v. Eyman,* 456 F.2d 269 (9th Circuit 1972). In the second appeal of that matter, *Bustamante v. Cardwell,* 497 F.2d 556 (9th Circuit 1974), the court found the replay of jury instructions outside the presence of the defendant to be harmless error. This result was reached because the evidence on remand reflected that the only comments made to the jury by the judge consisted of formalities such as "be seated." Similarly in this case, all comments made by the court and the attorneys were mere formalities.

Deprivation of a defendant's constitutional right to be present at every stage of the trial is subject to the rule of harmless error. See *United States v. Arriagada,* 451 F.2d 487 (4th Circuit 1971), cert. denied, 405 U.S. 1018, 92 S.Ct. 1300, 31 L.Ed.2d 481 (1972).

In my opinion the situation here is controlled by *Ware v. United States*, 376 F.2d 717 (7th Circuit 1967). There, not only was certain testimony reread to the jury after it had been brought back into the courtroom following submission of the case, facts regarding trial evidence were stated by the court in response to the jury's request. Both counsel were present but the defendant was not, and the record was silent as to any waiver of his presence. In rejecting a constitutional challenge to application of the harmless error rule, the court considered Ware's suggestion that his presence might have tipped the scales toward acquittal, or that his absence may have raised questions in the minds of the jurors, or that he might have detected some inaccuracy in the proceedings, as "fancifully remote."

Although acknowledging that the trial court ought to have obtained Ware's presence before the jury was brought in, the appellate court found no reasonable possibility that his interests were prejudiced by his absence, or that there was per se an impairment of his sixth amendment right to be confronted with the witnesses against him, or a breach of due process under the fifth amendment. Cf. also, *United States ex rel. Shapiro v. Jackson*, 263 F.2d 282 (2d Circuit 1959), where the testimony of three witnesses read to a retired jury in the absence of the defendant was likewise held to be harmless error.

On the ground of harmless error I would reverse the trial court's granting of a new trial. At the very least and as an alternative measure, I would, as was done in *Bustamante v. Eyman, supra,* remand this matter to the trial court for an evidentiary hearing and a determination of whether the defendant had knowledge of the proceeding and voluntarily absented himself therefrom. Counsel's waiver, coupled with the statement: "He's in my office," bespeaks a high probability of such knowledge.