563 P.2d 285
**STATE of Arizona, Petitioner,**

v.

**Henry Eugene PEREZ, Respondent.**

**No. 3565–PR.**

Supreme Court of Arizona,
In Banc.

April 11, 1977.

Charles F. Hyder, Maricopa County Atty., Moise Berger, Former Maricopa County Atty., Randy L. Ellexson, Deputy County Atty., Phoenix, for petitioner.

Derickson, Kemper, & Henze by James Hamilton Kemper, Phoenix, for respondent.

GORDON, Justice:

Appellant was charged with rape and sodomy. At trial he was acquitted of rape and convicted of sodomy, with a prison sentence of five to twenty years imposed. Post-conviction relief petitions were filed pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 32. The Court of Appeals upheld the trial court's order granting a new trial, 26 Ariz.App. 500, 549 P.2d 595 (1976), and review was sought in this Court. The opinion of the Court of Appeals is vacated. The sole issue before us is whether appellant's constitutional right to confrontation was abrogated when portions of testimony were read to the jury during its deliberations and in appellant's absence.

■ It is well settled that a defendant's right to be present at all stages of criminal proceedings is protected by the Sixth and Fourteenth Amendments. *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *State v. Armenta,* 112 Ariz. 352, 541 P.2d 1154 (1975); 17 A.R.S. Rules of Criminal Procedure, rule 19.2. This includes the right to be present when portions of the record are repeated at the request of the jury during their deliberations. *State v. Armenta, supra.*

■ The defendant's right to be present can be waived. *State v. Armenta, supra;* 17 A.R.S. Rules of Criminal Procedure, rule 9.1. In *Armenta,* we articulated the requirements necessary to establish a valid waiver; it must be shown that: (1) the defendant had personal notice of the proceeding, (2) the defendant was aware that he had a right to attend, and (3) the defendant had been informed that the proceedings would go forward in his absence should he fail to appear. 112 Ariz. at 353, 541 P.2d at 1155; *State v. Tacon,* 107 Ariz. 353, 488 P.2d 973 (1971), cert. dismissed, 410 U.S. 351, 93 S.Ct. 998, 35 L.Ed.2d 346 (1973).

■ The record in this case provides an insufficient basis on which to determine the validity of appellant's waiver. That must be resolved before the trial court's order granting a new trial can be reviewed. We therefore remand this case to the trial court for an evidentiary hearing to determine whether or not appellant had been advised of his rights as articulated in *State v. Armenta, supra,* and, if so, whether he by words or conduct waived his right to be present. The trial court should then report its findings of fact to this Court within thirty days.

**32**

Opinion of the Court of Appeals vacated; remanded to the trial court for proceedings consistent with this opinion.

CAMERON, C. J., and HAYS, J., concur.

HOLOHAN, Justice (dissenting):

Any error in the procedure in this case was harmless beyond a reasonable doubt, and I would vacate the order granting a new trial and affirm the conviction of the defendant. The authorities and reasoning contained in the dissent by Judge Wren of the Court of Appeals in *State v. Perez*, 26 Ariz.App. at 504, 549 P.2d at 599 (1976), are convincing to me and I adopt the opinion as my own.

STRUCKMEYER, Vice Chief Justice (dissenting):

I agree that the failure of the court below to have the defendant present when parts of the testimony at the trial were read back to the jury is harmless beyond a reasonable doubt. The trial court's order granting a new trial and vacating the judgment and sentence should be set aside.