571 P.2d 297

STATE of Arizona, Respondent,

v.

Wilbur ROCKERFELLER, Petitioner.

No. 1 CA–CR 2358–PR.

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 3, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Asst. Atty. Gen., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Anne W. Kappes, Deputy Public Defender, Phoenix, for petitioner.

## OPINION

JACOBSON, Judge.

The sole issue for consideration by the court on this petition for review of a denial of petitioner's motion for post-conviction relief under Rule 32, Rules of Criminal Procedure, is the effect of three invalid prior felony convictions on the petitioner's present sentence.

Petitioner, Wilbur Rockerfeller, was originally convicted in this matter in 1973 of first degree burglary following a negotiated plea of guilty. The presentence report prepared at that time indicated that petitioner had four prior felony convictions for burglary, three arising out of Yuma County and one arising out of Maricopa County. At the time of sentencing, one of the Yuma felony convictions had been set aside by the Arizona Federal District Court on the grounds that the Superior Court of the State of Arizona, in and for the County of Yuma, had no jurisdiction over the offense

committed by the petitioner because he was a Mohave Indian and the offense committed occurred on an Indian Reservation (Parker, Arizona).[1] The fact of the invalidation of one of the Yuma convictions was not brought to the attention of the trial court. The petitioner was nevertheless placed on probation for five years. No appeal was taken from that proceeding.

On November 27, 1973, a petition to revoke probation was filed and following a hearing on this petition, petitioner was found to have violated the terms of his probation. The trial court continued the petitioner on probation, but added to the condition of probation that petitioner serve four months in the county jail.

In May, 1974 a second petition to revoke probation was filed. As a result, petitioner's probation was revoked and he was sentenced to not less than ten nor more than twelve years in the Arizona State Prison. Petitioner appealed this revocation and sentence and this court affirmed by memorandum decision. *State v. Rockerfeller,* 1 CA–CR 807 (Memorandum Decision filed March 25, 1975.) One of the grounds urged by petitioner in that appeal was ineffectiveness of counsel based on counsel's failure to bring to the attention of the trial court at time of sentencing on revocation of probation that one of the Yuma felony convictions had been set aside by the federal court. This court disposed of that issue as follows:

"We have reviewed the defendant's records and without stating particulars, we may say that it is lengthy. Defendant's prior convictions were not alleged by the prosecution but were contained in the presentence report. They were not used as a means of sentencing defendant under A.R.S. § 13–1649, which provides for increased punishment on subsequent convictions. The weight to be given the contents of the report was to be determined by the trial judge. The record before us discloses that repeated at-

tempts to rehabilitate the defendant have failed and under the circumstances of this case, the severity of the sentence would not, we feel, *be affected by the removal of one conviction.*" (emphasis added)

On March 21, 1975, petitioner filed his first petition for post conviction relief which he supplemented on April 15, 1975, and again on July 7, 1975. The July 7, 1975 supplement alleged that in addition to the federal court order setting aside one of the Yuma felony convictions, the Superior Court of Yuma County set aside the other two Yuma convictions on June 26, 1975, on the same grounds utilized by the federal court and thus under the authority of *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.E.2d 592 (1972) he was entitled to have his sentence reconsidered. This petition for post conviction relief together with the supplements was summarily denied by the trial court on July 17, 1975. No motion for rehearing was made or petition for review taken from this denial. Petitioner had appointed counsel during this entire post conviction relief process.

On August 20, 1975, petitioner filed his second petition for post conviction relief, the summary denial of which is the subject of this petition for review. The grounds alleged in this second petition are exactly the same as were alleged in his July 7, 1975, second supplement to his first petition, that is, that at the time of sentencing on the petition to revoke, the trial court improperly considered three prior felony convictions that had been vacated, and thus petitioner was entitled to reconsideration of sentence under *U. S. v. Tucker, supra.*

■ Obviously, this second petition would have been precluded under Rule 32.2, Rules of Criminal Procedure, which provides in part:

"A petitioner will not be given relief under this rule based upon any ground:

\*   \*   \*   \*   \*   \*

1. The Federal District Court set aside the Maricopa felony sentence and remanded to the Supreme Court for sentencing. The Maricopa felony sentence was subsequently modified from

6 to 7 years to 4 years, 11 months, to 5 years. Petitioner was released from prison on this sentence on June 16, 1971.

"(2) Finally adjudicated . . . in any previous collateral proceeding;"

Alas, the county attorney's office did not comply with subsection (d) of Rule 32.2 which provides in part:

"The prosecutor shall plead and prove any ground of preclusion by a preponderance of the evidence;"

Because of this flagrant oversight, this court must reach the merits of petitioner's review. *See, State v. Perez,* 26 Ariz.App. 500, 549 P.2d 595 (1976).

In *Tucker,* the United States Supreme Court held that a criminal defendant who was sentenced upon a record containing at least two prior convictions invalid under *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 779 (1971), was entitled to be resentenced because the reviewing court was unable to determine,

". . . whether the sentence in the 1953 federal case might have been different if the sentencing judge had known that at least two of the respondent's previous convictions had been unconstitutionally obtained." 404 U.S. at 448, 92 S.Ct. at 592.

■ First, we have no hesitancy in determining that if the Yuma Superior Court lacked jurisdiction of the offenses with which petitioner was charged, a conviction obtained in that forum would violate fundamental notions of due process and thus be "unconstitutionally obtained." *Twining v. New Jersey,* 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97 (1908).

Our second inquiry, that is, would the sentence on revocation of probation have been different if the sentencing judge had known of the invalidity of these prior convictions, is somewhat more difficult. This is for the simple reason that in the face of these three prior convictions, the sentencing judge originally placed the defendant on probation. Obviously, if the sentencing judge considered these priors, the weight he gave them was slight. Moreover, when the petitioner violated the terms of his probation, he was again continued on probation with the added attention getter of four

months in the county jail. It was only after the petitioner wholly failed to cooperate in his alcohol rehabilitation program (petitioner's "rap sheet" shows over 90 arrests on alcohol related charges) that the trial court imposed a prison term.

While it is possible to say that the trial court's sentence of 10–12 years was the result of exasperation with petitioner's probationary conduct, we are simply unable to know this with any certainty. We also note that the judge who sentenced petitioner on revocation of probation was not the judge who originally granted probation.

■ In our opinion, petitioner's post conviction relief petition presented a "colorable" claim to relief which would preclude a summary denial of that petition under Rule 32.6(c), Rules of Criminal Procedure. However, in our opinion, the proper method of handling this and other *Tucker* problems is that procedure adopted in *Ferranto v. United States,* 507 F.2d 408 (2nd Cir. 1974). That is, if the sentencing judge can state that the invalidity of petitioner's three prior Yuma County felony convictions had no effect on the sentence imposed, then the sentence should stand. If, on the other hand, the sentencing judge indicates that the sentence was enhanced because of these three prior convictions, the judge can so state and adjust the sentence accordingly on resentencing.

The petition for review is accepted, relief granted and the matter remanded to the sentencing judge to proceed in accordance with this opinion.

WREN, P. J., and EUBANK, J., concurring.