861 P.2d 615

**The STATE of Arizona, Respondent,**

v.

**Lawrence C. HURSEY, Petitioner.**

**No. CR–93–0130–PR.**

Supreme Court of Arizona,
En Banc.

Oct. 19, 1993.

No appearance for the State.

Boyd T. Johnson, Pinal County Public Defender by John R. Gustafson and William Perry, Deputy Public Defenders, Florence, for petitioner.

**OPINION**

MOELLER, Vice Chief Justice.

**FACTS**

For more than a year and a half, the state and the defendant have agreed that the defendant is entitled to a new trial. Notwithstanding this agreement, both the trial court and the court of appeals have refused to order a new trial. We now

grant the relief that both parties have requested throughout these proceedings.

Lawrence C. Hursey (defendant) was twice represented in earlier criminal cases by attorney Callahan, who later took a job as a Deputy Pinal County Attorney. When a new case against defendant arose, Callahan, as a prosecutor, accompanied the police when they executed a search warrant at defendant's house and talked with defendant while the police conducted the search. Defendant was arrested, and Callahan was assigned to prosecute him. On the eve of trial, Callahan alleged, for enhancement purposes, the two prior convictions that had resulted from the cases in which Callahan had represented defendant. After the jury found defendant guilty in the new case, Callahan had another prosecutor prove the two prior convictions. On direct appeal, the conviction and enhanced sentence were affirmed.

Defendant then filed a petition for post-conviction relief (PCR) alleging, for the first time, that Callahan's involvement in the prosecution entitled him to a new trial. The state filed a formal confession of error with the trial court and joined in defendant's request for a new trial. Correctly noting that the court was not bound by the state's confession of error, the trial court scheduled an evidentiary hearing. At that hearing, the state acknowledged that defendant probably could not show prejudice, but also pointed out that it would likely be impossible to show prejudice in any case involving this issue. Although it found an appearance of impropriety, the trial court found no actual prejudice to defendant from Callahan's involvement and made the following finding:

The Court has also considered the Defendant's argument that his prosecution by his former defense counsel denied him ... a fair trial. While there may be an appearance of impropriety, there is no evidence that the prosecutor's prior representation worked to any disadvantage to the Defendant to a degree that prejudiced the Defendant or prevented him from having a fair trial. The prior offenses occurring within Pinal County and

which information was readily available to the prosecutor's office and chief. There is no evidence that Mr. Callahan obtained specialized knowledge that worked to the State's advantage to enable them to allege the prior convictions. They were readily available to any prosecutor in Pinal County.

The trial court refused to set aside the conviction and order a new trial.

Defendant petitioned the court of appeals for review. Consistent with its confession of error, the state did not respond. The court of appeals, without response by the state and without oral argument, denied review, holding:

The trial court acted correctly in denying post-conviction relief. True, the fact that the prosecutor had been appellant's counsel for the priors *created an appearance of impropriety.* However, it is clear that petitioner was aware from the time he was charged in this cause and certainly well before his 1985 trial that his former defense counsel was prosecuting him. He participated in the proceedings voluntarily and knowingly, never questioning the propriety of the prosecutor's representation of the state until the petition for post-conviction relief. A defendant who participates in or contributes to error cannot later complain of it.

Since *the record before us demonstrates no prejudice* suffered by petitioner due to this conflict of representation and because petitioner's participation amounted to a waiver of the claim, the trial court ruled correctly in denying Rule 32 relief. The petition for review is denied.

*State v. Hursey,* mem. dec. at 3–4 (Ariz.Ct. App., Div. 2, December 31, 1992) (citations omitted; emphasis added).

Defendant petitioned this court for review. Again, the state did not oppose the petition for review and has not appeared. We granted review and have jurisdiction pursuant to Ariz.Const. art. 6, § 5(3) and Ariz.R.Crim.P. 31.19. We reverse.

## ISSUES

1) Whether the court of appeals correctly found that the issue in defendant's Rule 32 petition was precluded.

2) Whether the prosecutor should have been disqualified.

3) Whether, under the facts of this case, a new trial should have been ordered.

## DISCUSSION

### I. Whether Defendant Was Precluded From Arguing For a New Trial

■ The court of appeals held that *"[a] defendant who participates in or contributes to error cannot later complain of it."* Mem. dec. at 4 (citing *State v. Islas*, 132 Ariz. 590, 647 P.2d 1188 (App.1982) (emphasis added). The court found that the defendant's failure to challenge Callahan's participation at trial waived his claim for post-conviction relief. *Id.* Arizona Rule of Criminal Procedure 32.2(a) states:

[a] defendant shall be precluded from relief under this rule based upon any ground:

. . . . .

(3) That has been waived at trial, on appeal, or in any previous collateral proceeding.

However, preclusion can be found only if the state pleads and proves it before the trial court by a preponderance of the evidence. Rule 32.2(c); *see also State v. Rockerfeller*, 117 Ariz. 151, 152–53, 571 P.2d 297, 298–99 (App.1977); *State v. Perez*, 26 Ariz.App. 500, 502, 549 P.2d 595, 597 (1976), *vacated on other grounds*, 115 Ariz. 30, 563 P.2d 285 (1977). Obviously, in light of its forthright confession of error, the state did not plead preclusion in the trial court, let alone prove it. Therefore, the court of appeals should have reached the merits of the case.

### II. Whether the Prosecutor Should Have Been Disqualified

The case of *In re Ockrassa*, 165 Ariz. 576, 799 P.2d 1350 (1990), is dispositive on the issue of the prosecutor's disqualification. Ockrassa, a public defender, represented a client in three DUI cases resulting in convictions. The Mohave County Attorney's office then hired Ockrassa and assigned him to prosecute his former client "who was charged with DUI as a third offense within the preceding 60 months." 165 Ariz. at 576, 799 P.2d at 1350. Ockrassa alleged the prior DUI convictions for enhancement purposes. The former client requested that Ockrassa disqualify himself. Ockrassa refused and later argued that he did not violate ER 1.9 because the prior DUI convictions were not substantially related to the case he was prosecuting. This court disagreed stating that "[t]he validity of [the] prior convictions was directly in issue." 165 Ariz. at 578, 799 P.2d at 1352. We further held:

[W]e do not believe that, in the context of multiple DUI offenses, a "substantial relationship" is established only if the prior conviction is an element of the subsequent offense. One of the aims of ER 1.9 is to protect the client. . . . Respondent's conduct in prosecuting [his former client] created a substantial danger that confidential information revealed in the course of the attorney/client relationship would be used against [the former client] by . . . his former attorney.

*Id.* We disciplined Ockrassa for violating ER 1.9 by not disqualifying himself from the prosecution.

■ The facts in this case are similar; the prior convictions were "directly in issue," and the prosecutor should have disqualified himself from the prosecution. It is not enough that the prosecutor had a colleague prove the prior convictions; the prosecutor remained in charge of the prosecution, and the "substantial danger that confidential information revealed in the course of the attorney/client relationship would be used against [the defendant]" was still present.

Other jurisdictions have also held that, when a defendant has been represented by an attorney seeking to prosecute him in a related matter, the attorney should be disqualified. *See Reaves v. State*, 574 So.2d 105, 106–07 (Fla.1991); *State v. Tippeca-*

*noe County Court,* 432 N.E.2d 1377, 1379 (Ind.1982). In *Tippecanoe County,* the Indiana Supreme Court held that an attorney who had twice represented a defendant in proceedings resulting in conviction should be disqualified from prosecuting that defendant when the earlier convictions were alleged for enhancement. 432 N.E.2d at 1378–79. That court held that the prosecutor should be disqualified when "the controversy involved in the pending case [was] substantially related to a matter in which the lawyer previously represented another client." *Id.* at 1378 (citations omitted). The court then stated:

> In this case, it appears that nothing in [the prosecutor's] representation of the accused in the two prior theft cases would have any relation to the present theft case. However, the habitual offender charge is based upon the same two prior theft cases in which [the prosecutor] was involved. Therefore, there is a substantial relationship involved. *Although it is true, that the fact of the defendant's prior convictions are a matter of public record, we cannot say without speculation that the prosecutor's knowledge of those prior cases will not actually result in prejudice to defendant. The public trust in the integrity of the judicial process requires us to resolve any serious doubt in favor of disqualification.* The trial court properly held that [the prosecutor] must be disqualified in this case.

*Id.* at 1379 (emphasis added).

■ We agree with the Indiana court's language. *See State v. Latigue,* 108 Ariz. 521, 523, 502 P.2d 1340, 1342 (1972). Callahan gained intimate knowledge of defendant while representing him. In this case, defendant thought Callahan enough of an ally that he talked with him during the execution of the search warrant and at the courthouse before trial. As we stated in *Latigue,* "[w]hat must a defendant and his family and friends think when his attorney ... goes to work in the very office that is prosecuting him?" *Id.* Had Callahan been challenged pretrial, apparently all would agree that he should have been disqualified. Because defendant is not precluded from raising the issue in a PCR under the facts of this case, the same rule of disqualification should apply.

### III. Whether a New Trial Should Be Granted

On facts similar to the instant case, an Indiana case held that it was not reversible error for a prosecutor to prosecute his former client as long as he did not also prosecute, as enhancement, the prior convictions in which he had represented the defendant. *See Garren v. State,* 470 N.E.2d 719, 722–23 (Ind.1984). Thus, Indiana follows an anomalous rule. Disqualification of the prosecutor is theoretically required at all phases of the trial, but failure to disqualify the prosecutor is reversible error only if the prosecutor prosecutes the prior convictions. *Compare Tippecanoe County,* 432 N.E.2d at 1378–79, *with Garren,* 470 N.E.2d at 722–23.

■ Were we to agree with this rule, defendant's conviction would stand because Callahan did not personally prosecute the prior convictions. However, we believe Arizona law requires more. As our decision in *Ockrassa* suggests, our concern is not so much who is proving the prior convictions, but rather the potential danger of revealing confidential information. *Cf. Corbin v. Broadman,* 6 Ariz.App. 436, 433 P.2d 289 (1967) (quashing indictment when prosecutor who had personally worked for defendant attorney and for other defendants in case subsequently joined county attorney's office and presented matter to the grand jury). Furthermore, the prosecutor's actions in this case created an appearance of impropriety. Prior to the adoption of the current Rules of Professional Conduct (the Ethical Rules), the Code of Professional Responsibility governed attorney conduct. Canon 9 of the code stated that "[a] lawyer should avoid even the appearance of impropriety." Although the Ethical Rules do not retain the "appearance of impropriety" language found in Canon 9, the "appearance of impropriety ... still has a definite place in the balancing test the trial court must apply in

resolving the question of disqualification." *Turbin v. Superior Court,* 165 Ariz. 195, 199, 797 P.2d 734, 738 (App.1990). A prosecutor, who himself has a conflict, does not alleviate the "appearance of impropriety" by merely assigning part of the case to another prosecutor; he is still the prosecutor "handling" the case and "[p]ublic confidence in the criminal justice system ... is eroded when a prosecutor has a conflict or personal interest in the criminal case which he is handling." 165 Ariz. at 198, 797 P.2d at 737. We believe that to

> prevent the perception or actuality of a breach of confidentiality, ... reversal is necessary in cases of this type.... [A] conviction must be reversed if the trial court denies a *pretrial* defense motion to disqualify a prosecutor who previously has defended the defendant in any criminal matter that involved or likely involved confidential communications with the same client.

*Reaves,* 574 So.2d at 107.

 Because the state has confessed error and has not claimed preclusion, we treat defendant's delayed argument as if it had been raised pretrial. "A defendant should not be forced to attempt to prove that there was an *actual* indiscretion or impropriety. Evidence of such conduct, being under the control of the prosecution, would be well-nigh impossible for a defendant to bring forth." *People v. Stevens,* 642 P.2d 39, 41 (Colo.App.1981). Additionally, "if a defendant were required to show prejudice he might, in some cases, be forced to disclose a confidential communication he made to his former lawyer." *Turbin,* 165 Ariz. at 198, 797 P.2d at 737. The mere fact of confidential communications in the prior relationship is enough to presume prejudice to the defendant, because "[j]ustice and the law must rest upon the complete confidence of the ... public and to do so they must avoid even the appearance of impropriety." *Latigue,* 108 Ariz. at 523, 502 P.2d at 1342. We conclude that, in this case, a new trial is the only plausible remedy.

## DISPOSITION

We commend the state for its forthright confession of error and encourage trial and appellate courts to consider such confessions seriously. *See also Winslow v. State,* 37 Ariz. 405, 294 P. 1118 (1931); *State v. Rogers,* 2 Ariz.App. 232, 235, 407 P.2d 773, 776 (1965), *overruled on other grounds, State v. Mallory,* 19 Ariz.App. 15, 504 P.2d 556 (1973). The conviction is reversed, the court of appeals' memorandum decision is vacated, and the case is remanded for a new trial consistent with this opinion.

FELDMAN, C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.