912 P.2d 1341

**STATE of Arizona, Respondent,**

v.

**James Charles CURTIS, Petitioner.**

**No. 1 CA–CR 95–0030 PR.**

Court of Appeals of Arizona,
Division 1, Department C.

Sept. 12, 1995.

Review Denied March 19, 1996.

2. Chief Judge, Arizona Court of Appeals, Division Two.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals

Section, and Matthew J. Smith, Deputy County Attorney, Phoenix, for respondent.

James Charles Curtis, Florence, in pro. per.

FIDEL, Judge.

 Defendants are precluded from seeking post-conviction relief on grounds that were adjudicated, or could have been raised and adjudicated, in a prior appeal or prior petition for post-conviction relief ("PCR"). *See* Ariz.R.Crim.P. 32.2, 17 Ariz.Rev.Stat. Ann. ("A.R.S."). But the State can waive preclusion if, when responding to a PCR, the State fails to "plead and prove ... preclusion by a preponderance of the evidence." *Id.*; *State v. Hursey,* 176 Ariz. 330, 332, 861 P.2d 615, 617 (1993).

This petition for review presents the question whether, when preclusion is evident from the petition and from the court's own files, a trial court may screen and summarily dismiss a PCR on grounds of preclusion without putting the State to the burden of a response. That question is one of first impression. Our answer is yes.

## I.

In 1988 a jury found petitioner guilty of one count of sexual assault, a class 2 felony, with one prior felony conviction. On appeal, petitioner asserted ineffective assistance of counsel[1] among other grounds. In a 1991 PCR, Petitioner argued on different grounds that he had been denied effective assistance of counsel.[2] After an evidentiary hearing, the trial court found that trial counsel had

---

[1]. Petitioner argued that counsel (1) failed to move for a continuance; (2) failed to request a jury instruction on a lesser included offense; (3) failed to offer certain jury instructions and object to others; (4) failed to make post-trial motions for judgment of acquittal; (5) failed to cross-examine witnesses effectively; and (6) failed to locate and subpoena a defense witness. Petitioner argued that these failures were individually and cumulatively prejudicial. This court rejected the first five allegations as meritless and observed that the sixth—failure to locate

and subpoena a defense witness—could not be conclusively resolved upon appeal but might be asserted by PCR. *State v. Curtis,* 1 CA–CR 88–1224 (filed Aug. 7, 1990).

[2]. Petitioner argued that trial counsel (1) failed to request a competency hearing pursuant to Ariz. R.Crim.P. 11; (2) failed to challenge the procedure used to secure the indictment; and (3) failed to file appropriate motions and request relevant hearings. In a supplemental petition,

been ineffective in one respect—the failure to object to hearsay testimony—but that defendant had suffered no prejudice. We upheld the trial court's ruling on review. *State v. Curtis*, 1 CA–CR 91–1499–PR (filed June 9, 1992).

Petitioner then filed the present petition, from which he preserves three issues in this petition for review: (1) that the trial court gave an unconstitutional jury instruction concerning petitioner's alibi defense; (2) that the trial court erred by failing to instruct on sexual abuse as a lesser-included offense; and (3) that his trial counsel was ineffective for failure to object to the alibi instruction or to request a lesser-included sexual abuse instruction.[3] Anticipating the preclusion issue, petitioner also argued that his appellate and PCR counsel were ineffective for failing to raise these issues on appeal or in the first PCR.

The trial court did not await the State's response before denying the present petition. The trial court denied petitioner's request for appointed counsel because, in the course of his first PCR, petitioner had "the benefit of an evidentiary hearing at which his appointed counsel was able to thoroughly explore the allegation of ineffective counsel."[4] In dismissing the petition, the trial court cited Rule 32.2(a)(2–3), which precludes relief for claims

> based upon any ground ... [f]inally adjudicated on the merits on appeal or in any previous collateral proceeding [or] [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding.

The validity of that ruling is our subject of review.

## II.

■ We first consider whether a trial court has discretion to dismiss a petition on the grounds of preclusion without awaiting the State's response. We hold that it does.

Rule 32.6(c) provides:

> The court shall review the petition within twenty days after the defendant's reply was due. On reviewing the petition, response, reply, files and records, and disregarding defects of form, *the court shall identify all claims that are procedurally precluded* under this rule. If the court, after identifying all precluded claims, determines that no remaining claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings, the court shall order the petition dismissed.

(Emphasis added.) Although the rule requires the court to act no later than twenty days after the expiration of petitioner's time to reply to the State's response, it does not specify whether the court may screen and dismiss precluded claims without requiring a response.

■ Appellate courts have "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous." *Pillay v. Immigration and Naturalization Serv.*, 45 F.3d 14, 17 (2d Cir.1995). Courts may exercise this authority to preserve "scarce judicial resources," though they must be careful not to overreach and summarily dismiss potentially meritorious claims. *Id.*

■ Trial courts, plagued by crowded dockets, also have inherent power to dismiss facially invalid claims. *See LaBounty v. Adler*, 933 F.2d 121, 124 (2d Cir.1991) (trial court's dismissal of an eighth amendment claim was proper when conduct complained of was not punishment). Prompt summary

---

petitioner's counsel added (4) that trial counsel had failed to object to hearsay testimony.

**3.** Petitioner raised a fourth claim concerning sentencing, but he failed to preserve the issue in this petition for review.

**4.** The comment to Rule 32.5 states:

> If the first petition for post-conviction relief includes a claim of ineffective assistance of counsel, then the court is not required to appoint counsel on a second petition claiming ineffective assistance of counsel.

dismissal of a facially insufficient PCR spares the State the allocation of scarce prosecutorial resources to an unnecessary response, the victim unnecessary delay in moving proceedings to finality, and the court the administrative burden of maintaining a matter unnecessarily on its docket.

■ When the State responds to a PCR, Rule 32.2(c) requires it to plead and prove preclusion by preponderant evidence. And when the State fails to assert preclusion in its response, the court cannot reach the issue on its own.[5] *State v. Hursey,* 176 Ariz. at 332, 861 P.2d at 617; *see also State v. Rockerfeller,* 117 Ariz. 151, 153, 571 P.2d 297, 299 (App.1977); *State v. Perez,* 26 Ariz.App. 500, 502, 549 P.2d 595, 597 (1976), *vacated on other grounds,* 115 Ariz. 30, 563 P.2d 285 (1977). No past decision, however, has considered whether the court may consider preclusion when exercising its inherent screening power. We hold that it may. We do not read the rule or interpretive case law to prevent a trial court from screening and dismissing facially non-meritorious petitions, including those obviously precluded, without awaiting a response from the State. The trial court determined that each of the claims raised by petitioner "falls squarely within the grounds for preclusion under Rule 32.2(a)(2 or 3)." To the merits of that assessment, we now turn.

### III.

■ Petitioner argues that the alibi instruction given by the trial court was constitutionally infirm.[6] The instruction, he claims, failed to adequately pinpoint the parties' shifting burdens of presenting and dis-

proving the defense. Petitioner did not challenge the alibi instruction on appeal. And though on appeal he attacked trial counsel's failure to object to certain instructions, he did not identify the alibi instruction as one to which trial counsel should have objected. Nor in his first PCR did he attack trial counsel's acceptance of this instruction or appellate counsel's failure to raise the issue on appeal.

A claim is precluded that could have been, but was not, raised in a prior appeal or PCR, unless the "asserted claim is of sufficient constitutional magnitude." Comment to Rule 32.2(a)(3) (Supp.1994). We need not examine here whether the standard alibi instruction could be better worded. At the time of the first appeal, the court not only reviewed the issues petitioner had raised, but also reviewed for fundamental error and found none. This review necessarily extended to the jury instructions. Petitioner's belated focus on the alibi instruction lacks sufficient constitutional magnitude to revive an issue that he had two full opportunities to raise before. The trial court properly found this issue precluded by Rule 32.2(a)(3).

■ Petitioner also argues that the absence of a lesser included offense instruction for sexual abuse "deprived him of due process of law and a fair trial." This court already has held, however, that petitioner was not entitled to a sexual abuse instruction because there was no evidence to support it. *State v. Curtis,* 1 CA–CR 88–1224 (filed Aug. 7, 1990). The trial court properly found this claim to be precluded because it was "[f]inally adjudicated on the merits on appeal." *See* Ariz.R.Crim.P. 32.2(a)(2).

5. The Arizona legislature recently amended A.R.S. § 13–4232, Rule 32's statutory counterpart, to provide that, "[t]hough the state has the burden to plead and prove grounds of preclusion, any court on review of the record may determine and hold that an issue is precluded regardless of the state's failure to raise the preclusion issue." A.R.S. § 13–4232(C), 1995 Ariz. Sess.Laws ch. 198, § 4. This statutory amendment reflects legislative intent that courts consider preclusion, even if the State neglects to raise the issue in response. It does not, however, shed retroactive light on the question of the court's

ability to summarily dismiss a petition on grounds of preclusion and spare the State the burden of an unnecessary response.

6. The trial court, without objection, gave RAJI (Criminal) 12, which provides:

> The defendant has produced evidence of being absent at the time and place the alleged crime was committed. If you have a reasonable doubt whether the defendant was present at the time and place the alleged crime was committed, you must find the defendant not guilty.

Finally, in an effort to avoid the rule of preclusion, petitioner argues that his earlier failure to raise these claims was itself due to ineffective assistance of counsel. Petitioner offers no support for this claim. Moreover, there is a quality of infinite regression to it. If, with each successive claim, a petitioner could avoid preclusion merely by asserting that all prior counsel were ineffective, Rule 32.2(a)(3) would be stripped of effect.

For these reasons, and those stated by the trial court, we find no abuse of discretion and deny relief.

GARBARINO, P.J., concurs.

EHRLICH, Judge, dissenting:

Although the petitioner may be precluded from relief, *see* Rule 32.2(a)(2), (3); A.R.S. § 13–4232(A), I do not believe that this case presents an appropriate vehicle for an exercise of the "inherent authority" of the judicial branch. The necessity that the state plead and prove preclusion by a preponderance of the evidence specifically is required by the Arizona Rules of Criminal Procedure, *see* Rule 32.2(c), and by statute. A.R.S. § 13–4232(C); *see State v. Rockerfeller,* 117 Ariz. 151, 152–53, 571 P.2d 297, 298–99 (App.1977). As the Arizona Supreme Court made clear, "preclusion can be found only if the state pleads and proves it before the trial court by a preponderance of the evidence." *State v. Hursey,* 176 Ariz. 330, 332, 861 P.2d 615, 617 (1993). As sympathetic as I am to the result the majority wants to reach, particularly in light of the recent statutory amendment to A.R.S. section 13–4232(C),[7] I feel compelled to vacate the trial court's summary dismissal of the petition for post-conviction relief and remand to the trial court for proceedings consistent with Rule 32.

7. 1995 Ariz.Sess.Laws, ch. 198, § 4.