87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio Armenta RIVERA, Petitioner-Appellant,
v.
William GASPAR; Grant Woods, Respondents-Appellees.
 No. 95-17372.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Armenta Rivera, an Arizona state prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for conspiracy, unlawful transfer of cocaine, and possession of cocaine for sale. Rivera contends the district court erred by refusing to address the merits of his eight claims, none of which have been presented to the Arizona Supreme Court. We affirm.
 
 
 3
 Rivera raised Claim 8, insufficient evidence to support the conviction, on direct appeal to the Arizona Court of Appeals, but did not present it to the Arizona Supreme Court. "Where direct review is available in the state's highest court, failure to seek such review constitutes a procedural default." Harmon v. Ryan, 959 F.2d 1457, 1461 (9th Cir.1992). Rivera has procedurally defaulted on his claim of insufficient evidence because he did not and could not now properly present it to the Arizona Supreme Court. See Coleman v. Thompson, 501 U.S. 722, 735 n.* (1991) (petitioner has procedurally defaulted when he has "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred"); Ariz.R.Crim.P. 32.2(a)(2) (Rule 32 relief unavailable on claim that was "[f]inally adjudicated on the merits on appeal or in any previous collateral proceeding").
 
 
 4
 Generally, the federal courts will not consider a procedurally defaulted claim absent a showing of cause and prejudice. Harmon, 959 F.2d at 1461. To demonstrate cause, the petitioner must show that some objective factor external to the defense prevented him from presenting his claim to the highest state court. Moran v. McDaniel, 80 F.3d 1261, 1270-71 (9th Cir.1996). In the district court, Rivera filed an affidavit by Sean Bruner, the attorney who represented him in his consolidated direct appeal and post-conviction proceedings. Bruner stated that unaware of this court's decision in Jennison v. Goldsmith, 940 F.2d 1308 (9th Cir.1991) (per curiam), he mistakenly advised Rivera that he did not need to file a petition for review in the Arizona Supreme Court in order to exhaust state remedies for purposes of federal habeas proceedings. Rivera, however, has not exhausted a claim that Bruner's mistaken advice amounted to ineffective assistance of counsel in violation of the Sixth Amendment. Accordingly, we affirm the district court's dismissal of Claim 8 without prejudice. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986) (unexhausted claim of ineffective assistance cannot establish cause for procedural default).
 
 
 5
 Rivera raised some of his additional claims in his Rule 32 post-conviction petition before the state trial court and appeals court, but did not present them to the Arizona Supreme Court. The remainder of Rivera's claims were not presented to any state court. The district court assumed without deciding that all of these Claims 1-7 were procedurally defaulted, and correctly noted that the alleged ineffective assistance of Bruner in misadvising Rivera about the need to petition the Arizona Supreme Court for review of the denial of his Rule 32 petition could not establish cause for this procedural default. See Martinez-Villareal v. Lewis, 80 F.3d 1301, 1306 (9th Cir.1996) (ineffective assistance of post-conviction counsel cannot constitute cause because Sixth Amendment right to counsel does not extend to state collateral proceedings). Nonetheless, because the district court sent Rivera back to state court in connection with Claim 8, it also instructed him that he could attempt to raise Claims 1-7 in state court. See Coleman, 501 U.S. at 735 n.* (claim procedurally defaulted only if federal court can determine that state court would refuse to consider claim on merits); Ariz.R.Crim.P. 32.2(a)(3) (1987) (claim in second Rule 32 petition precluded only if petitioner "knowingly, voluntarily and intelligently" failed to raise it at trial, on appeal, or in any previous collateral proceeding); State v. Curtis, 912 P.2d 1341, 1343 (Ariz.Ct.App.1995) (not deciding whether stricter version of Rule 32.2(a)(3), effective September 30, 1992, applied to petitioner convicted before that date).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3