### In the Matter of Robert D. COLESTOCK.

### No. 182S35.

Supreme Court of Indiana.

April 5, 1984.

Donald D. Doxsee, John E. Williams, Jr., Fort Wayne, for respondent.

Martha S. Hoover, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent, Robert D. Colestock, has been charged by an one-count verified complaint for disciplinary action with engaging in a prohibited conflict of interests. The Hearing Officer appointed by this Court has submitted his Findings of Fact and Conclusions of Law. The Respondent now petitions for review of the findings and conclusions and also requests an oral argument.

This Court finds that Respondent's petition for oral argument should be and hereby is denied.

The Respondent has also filed a "Petition for Review of all the Evidence". This Court arrives at the final findings of fact through an examination of all matters before the Court, including the transcript. *In re Zinman,* (Ind.1983) 450 N.E.2d 1000; *In re Callahan,* (1982) Ind., 442 N.E.2d 1092; *In re Crumpacker,* (1978) 269 Ind. 630, 383 N.E.2d 36. Thus Respondent's petition will be viewed as a request to examine the record within the context of this process of review.

In his petition for review the Respondent has challenged the findings of fact submitted by the Hearing Officer as being inaccurate and incomplete. He further argues that the evidence does not support a conclusion of misconduct as charged. These matters will be addressed and resolved during this Court's examination of all submitted materials and our determination of the ultimate findings of fact.

We find generally that Robert D. Colestock is a member of the Bar of this State who maintains an office for the practice of law in Fort Wayne, Indiana.

On May 30, 1977, Linda Spurgeon died as a result of an automobile accident. At the time of her death, she was divorced from her husband, Richard Spurgeon, and had custody of their only child, Melinda Spurgeon. Linda Spurgeon had expressed a wish to have her sister, Margaret Dunn, take care of Melinda. The Respondent was retained to obtain custody of Melinda and, in May, 1977, he filed a guardianship petition on behalf of Margaret Dunn and her husband, Ronald Dunn. The Respondent was also retained to handle the estate of Linda Spurgeon. As a result, on June 29, 1977, he opened the estate in the Allen Superior Court. Ronald Dunn was appointed the administrator of the estate. The Respondent was further retained to handle a personal injury action on behalf of Melinda Spurgeon. On April 28, 1978, he filed the action in the Allen Superior Court on behalf of Melinda by Ronald Dunn, Next Friend.

During 1977 and 1978, a friendship developed between Margaret and Ronald Dunn and the Respondent and Respondent's wife. In February of 1978, the Respondent prepared a principle-agent agreement to be signed by Dunn and the Respondent. Said agreement dealt with the marketing of a glass pool table top which had been designed by Dunn. Dunn was dissatisfied with the drafted document and did not sign it. In September of 1978, Ronald Dunn again retained the Respondent, and the Respondent did prepare two title opinions on properties in which Dunn was interested. During this period of time Dunn also used other attorneys in unrelated matters.

Ronald and Margaret Dunn developed marital problems and Ronald Dunn moved out of the home. Margaret Dunn consulted with the Respondent and retained him to file a petition for dissolution on her behalf. On or about December 21, 1978, the Respondent filed, on behalf of Margaret Dunn, a petition for a dissolution of marriage in the Allen Circuit Court. Before Ronald Dunn was served with the papers, the parties reconciled and the action was dismissed on January 2, 1979.

In February, 1979, the Respondent filed on behalf of Ronald and Margaret Dunn, a petition for the adoption of Melinda Spurgeon.

Thereafter, the parties' marital problems continued and Margaret Dunn once again discussed the matter with the Respondent. On or about March 16, 1979, the Respondent filed a second petition for dissolution of marriage on behalf of Margaret. Therein Margaret Dunn requested and received temporary custody of Melinda. Ronald Dunn objected to the Respondent representing Margaret Dunn but the Respondent did not withdraw his appearance in this action until July 17, 1979.

On March 15, 1979, the Respondent, as attorney for the plaintiff, filed a debt collection action against Ronald Dunn. The plaintiff was Druscilla Mielke, mother of Margaret Dunn. The alleged debt involved monetary transactions between Ronald Dunn and Mielke surrounding the Melinda Spurgeon custody matter. On or about September 24, 1980, the Respondent withdrew from his representation of Mielke. Thereafter, he was subpoenaed and required to testify at the trial as a witness for Mielke and against Ronald Dunn.

On or about April 9, 1979, the Respondent filed in the Melinda Spurgeon personal injury case on behalf of Margaret Dunn a "Motion to Substitute Party Plaintiff" requesting that Margaret be substituted as Melinda's Next Friend in the place of Ronald Dunn.

On or about April 10, 1979, the Respondent, on behalf of Margaret Dunn and Druscilla Mielke, filed a "Petition to Remove Ronald Dunn as Administrator" in the Linda Spurgeon Estate. Said petition alleged wrongdoing on the part of Ronald Dunn in administering the estate. On May 11, 1979, Ronald Dunn petitioned the Court to remove the Respondent as the attorney for the estate of Linda Spurgeon alleging a conflict of interest. On or about May 14, 1979, after a conference with the judge, the Respondent withdrew his representation for the estate.

On April 27, 1979, on behalf of Margaret Dunn, the Respondent filed in the Dunn divorce case in the Allen County Superior Court, a petition to remove the custody of Melinda Spurgeon from Ronald Dunn. Ronald Dunn objected to the representation on the basis of conflict of interest, and on July 17, 1979, the Respondent withdrew.

On May 11, 1979, Ronald Dunn petitioned the Court to have the Respondent removed as attorney in the Linda Spurgeon Estate, again alleging a conflict of interest. The Respondent withdrew on May 14, 1979, the following business day.

The gist of Respondent's challenge to the Hearing Officer's findings of fact is a contention that Ronald Dunn was not a real party in interest in any of the foregoing legal proceedings and, thus, was never Respondent's client. The Respondent argues that at all times he was attorney for only Margaret Dunn and that any information he may have obtained from Ronald Dunn could not be confidential because it could easily have been obtained from Margaret Dunn. Accordingly, he argues, there not being an attorney-client relationship, there can be no violation of Disciplinary Rule 5–101(A) or 5–101(B). The Respondent's interpretation of the facts is insupportable.

It is apparent from the evidence that at the inception of Respondent's involvement with the Dunns and with Druscilla Mielke he represented their common desire and interest in obtaining custody of Melinda rather than allowing custody to go to her natural father; interest in settling Linda Spurgeon's estate; and interest in recovering for Linda's wrongful death and Melinda's injuries. While these objectives remained common to the family members, it cannot be said that the Respondent represented Margaret Dunn as opposed to Ronald Dunn, or vice versa. Ronald Dunn, whether or not a willing, active party, did petition by the Respondent as counsel, for custody and adoption of Melinda. Ronald Dunn was further involved by being appointed personal representative in the Spurgeon estate and next friend in the personal injury claim.

The discord in this professional relationship occurred upon the institution of the divorce proceeding. Within days of filing the second petition for dissolution, the Respondent, on behalf of Margaret Dunn, set out to remove Ronald Dunn from any involvement in the proceedings. The Respondent petitioned to remove the legal custody of Melinda from Ronald Dunn; he filed a petition to remove Ronald Dunn as administrator of the Linda Spurgeon estate alleging wrongdoing; he instituted, on behalf of Mielke, a debt-collection action arising out of the custody proceeding. At that time the Respondent was the attorney of record on Margaret and Ronald Dunn's petition for adoption of Melinda and was also the attorney on the custody petition whereby the Dunns had been granted custody of Melinda. These considerations lead us to conclude that the Respondent had represented and still represented Ronald Dunn when he undertook to represent interests directly adverse to Ronald Dunn and involving the very same proceedings. This Court has previously held that an attorney contravenes the Code when he represents a party in a controversy that is substantially related to a matter in which the lawyer previously represented another client. *In re Zinman, supra, State ex rel. Meyers v. Tippecanoe County Court*, (1982) Ind., 432 N.E.2d 1377.

In light of the foregoing considerations, this Court concludes that the Respondent did accept and continue employment on behalf of Margaret Dunn when the exercise of his professional judgment on behalf of Ronald Dunn was adversely affected by such representation. Such conduct is clearly violative of Disciplinary Rule 5–101(A) and (B) of the *Code of Professional Responsibility for Attorneys at Law.*

The Respondent insists, without supporting authority, that a violation of Disciplinary Rule 1–102(A)(5) proscribes only conduct involving interference with court procedures. Such argument is not persuasive. The proper administration of justice necessitates the maintenance of independent professional judgment by a lawyer on behalf of his client. By his conduct, the Respondent has frustrated that basic tenet of professional responsibility. We, therefore, conclude that the Respondent's conduct is in violation of Disciplinary Rule 1–102(A)(5).

Having found misconduct, this Court must now assess the appropriate sanction. The findings establish that the Respondent, upon the appearance of adverse and directly conflicting interests between Ronald and Margaret Dunn in the very same and related matters in which the Respondent had represented both as a couple, decidedly took up the cause of one in opposition to the other. Respondent's representation of conflicting interests was not a single isolated appearance against a former client. The Respondent set out to remove his client, Ronald Dunn, from any and all involvement with Margaret Dunn, with the child, Melinda, and with any funds to which Melinda was or may have been entitled. Such a consistent and deliberate disregard for his professional fiduciary duty cannot be excused under any circumstances. The Respondent has failed to appreciate the obligation of undivided loyalty owed by an attorney to every client for whom he appears and whose interests he must protect. In light of the findings of fact and by reason of the misconduct found herein, this Court determines that suspension from the practice of law for a period of one year is warranted.

It is, therefore, ordered that the Respondent, Robert D. Colestock, be and he hereby is suspended from the practice of law in the State of Indiana for a period of one (1) year, beginning May 1, 1984.

Costs of this proceeding are assessed against the Respondent.