**In the Matter of Curtis E. SHIRLEY, Respondent.**

**No. 49S00–0712–DI–581.**

Supreme Court of Indiana.

Aug. 5, 2010.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** A certain "Corporation" is owned and controlled by members of a large family. The matriarch of the family is elderly and incapacitated. Her son "AB" controlled the day-to-day operations of the business. There are six other siblings with interests in the Corporation. In 2001, AB consulted with Respondent about voting control of the Corporation and related matters. Thereafter, AB, with the advice and assistance of Respondent, took various actions to obtain and exercise sole control of the Corporation, including obtaining his mother's signature on stock transfers, removing his siblings from the

Corporation's board of directors, terminating two siblings from employment with the Corporation, and defending against suits brought against him by his siblings. During the course of these proceedings over several years, Respondent purported to represent the interests of both AB and the Corporation. At one point, Respondent sought to have the Corporation held in contempt of court despite his purported representation of the Corporation.

Respondent collected substantial attorney fees from the Corporation. Respondent now agrees that these fees were unreasonable because he did not obtain the knowing consent of necessary principals of the Corporation to his simultaneous representation of the Corporation and AB, and the Corporation paid for a considerable amount of legal work that most likely accrued to AB's sole benefit. The Corporation filed suit against AB and Respondent to recover the fees paid to Respondent, which suit was settled with a confidential agreement for an undisclosed amount.

The parties agree there are no facts in aggravation. They cite the following facts in mitigation: (1) Respondent has no prior discipline; (2) Respondent has an extensive history of public service to charitable organizations and the bar, including representing many clients pro bono; and (3) the Corporation recovered a satisfactory amount of the attorney fees paid to Respondent.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules[1] prohibiting the following misconduct:

1.5(a): Charging an unreasonable fee.

1.7(a): Representing a client when the representation will be adverse to another client. (Currently Rule 1.7(a)(1).)

1.7(b): Representing a client when the representation may be materially limited by the attorney's responsibilities to another client. (Currently Rule 1.7(a)(2).)

1.13(b): While representing an organization, failing to proceed as is reasonably necessary in the best interest of the organization if the lawyer knows a person associated with the organization is engaged in action likely to result in substantial injury to the organization.

1.13(d): In dealing with an organization's constituent, failing to explain the identity of the client when it is apparent that the organization's interests are adverse to those of the constituent. (Currently Rule 1.13(f).)

1.13(e): Representing an organization and one of its constituents without obtaining consent from an appropriate official. (Currently Rule 1.13(g).)

1.16(a)(1): Failure to withdraw from representation when the representation will result in violation of the Rules of Professional Conduct.

**Discipline:** The parties propose the appropriate discipline is a 30–day suspension with automatic reinstatement.

From the beginning of Respondent's involvement with the Corporation, it should have been apparent that AB's personal interests were at very least potentially adverse to those of the Corporation. The actual conflict of interest that arose should have been apparent. Respondent's ethical violations extended over several years to the considerable detriment of the Corporation. The discipline the Court would impose for Respondent's misconduct would

---

1. These were the Professional Conduct Rules in effect at the time of Respondent's misconduct. The rules were amended and some of the subparts of Rules 1.7 and 1.13 renumbered effective January 1, 2005.

be more severe than the parties propose had this matter been submitted without an agreement. *See Matter of Colestock*, 461 N.E.2d 137 (Ind.1984) (suspension of one year imposed for representation of conflicting interests). Like the respondent in *Colestock*, Respondent "has failed to appreciate the obligation of undivided loyalty owed by an attorney to every client for whom he appears and whose interests he must protect." *Id.* at 140.

Nevertheless, in light of Respondent's extensive history of public service noted above, his lack of any other discipline in nearly 20 years of practice, and the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning September 17, 2010.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except BOEHM, J., who is not participating in this case.