2004 UT App 410

**STATE of Utah, Plaintiff and Appellant,**

v.

**Candelo Perez LOPEZ, Defendant and Appellee.**

**No. 20030568–CA.**

Court of Appeals of Utah.

Nov. 12, 2004.

Mark L. Shurtleff, Atty. Gen., and Karen A. Klucznik, Asst. Atty. Gen., Salt Lake City, for Appellant.

Denise M. Williamson and Linda M. Jones, Salt Lake City, for Appellee.

Before BILLINGS, P.J., BENCH, Associate P.J., and JACKSON, J.

## OPINION

JACKSON, Judge:

¶ 1 In this interlocutory appeal, the State challenges the district court's order, which dismissed a charge of aggravated kidnapping but allowed the State to proceed on a separate charge of attempted murder. We vacate the order and remand.

## BACKGROUND

¶ 2 In 2002, the State charged Candelo Perez Lopez with aggravated kidnapping, a first degree felony, and attempted murder, a second degree felony. *See* Utah Code Ann. §§ 76-5-302 (2001); -5-203 (1999); -4-101 (1999). Lopez waived his right to a preliminary hearing and was bound over on both counts. Prior to trial, Lopez moved to dismiss the aggravated kidnapping charge. The district court held a pretrial evidentiary hearing, at which Lopez's alleged victim testified. Relying on *State v. Finlayson*, 2000 UT 10, 994 P.2d 1243, the district court ruled that the kidnapping charge merged with the attempted murder charge.

## ISSUE AND STANDARD OF REVIEW

¶ 3 The issue before us is whether a trial court can decide whether charges merge in a pretrial evidentiary hearing. This is a question of law, which we review for correctness. *See State v. Pena*, 869 P.2d 932, 936 (Utah 1994).

## ANALYSIS

¶ 4 The question of merger arises when "[t]wo statutes or two portions of a single statute proscribe certain conduct, and the question is whether the defendant can be

punished twice because his conduct violates both proscriptions." *Gore v. United States,* 357 U.S. 386, 393–94, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958) (Warren, C.J., dissenting). For example, as part of the crime, a rapist necessarily physically detains the victim. This crime comprises activity that could be charged as both kidnapping and rape. *See id.; State v. Couch,* 635 P.2d 89, 93 (Utah 1981). When the conduct comprising one charge is "slight, inconsequential, and merely incidental to the other crime," a court should rule that the charges merge together for punishment purposes. *Finlayson,* 2000 UT 10 at ¶ 23, 994 P.2d 1243 (quotations and citation omitted). When charges merge, "[i]t is not the case that the defendant is not guilty of the lesser offense; it is rather the case that he is guilty of those lesser offenses but simply is not to be twice punished." *White v. Maryland,* 100 Md.App. 1, 639 A.2d 194, 199 (Ct.Spec.App.1994).

¶ 5 The State argues that the *Finlayson* merger doctrine applies only after the defendant is convicted on multiple charges. *Finlayson* and our subsequent cases do indeed contain language that can lead to confusion regarding when a trial court should rule on a defendant's motion to merge charges. In *Finlayson,* the defendant was convicted of forcible sodomy, rape, and aggravated kidnapping. *See* 2000 UT 10 at ¶ 1, 994 P.2d 1243. On appeal, Finlayson argued that he had been provided ineffective assistance of counsel. *See id.* at ¶ 27. The Utah Supreme Court agreed that the trial counsel's assistance was ineffective, noting that trial counsel had "failed to raise [the merger argument] at any time, either during trial, or following the conviction on a motion to vacate." *Id.* at ¶ 24.

¶ 6 Then, in *State v. Hawatmeh,* at the preliminary hearing, the magistrate had ruled that aggravated kidnapping charges merged with aggravated assault and kidnapping charges. *See* 2001 UT 51, ¶¶ 1, 17 n. 3, 26 P.3d 223. The supreme court reversed, holding that the State had met the burden to bind over the defendants on the aggravated kidnapping charge. *See id.* at ¶ 20. Because the district court had relied on *Finlayson* in its ruling, the supreme court noted "*Finlay-*

*son* is not applicable to the instant case, however, because we are not dealing with *convictions* for aggravated kidnapping, but merely aggravated kidnapping charges." *Id.* at ¶ 17 n. 3.

■ ¶ 7 Next, in *State v. Smith,* the defendant appealed after the trial court had denied his motion to merge his convictions. *See* 2003 UT App 179, ¶ 11, 72 P.3d 692, *cert. denied,* 84 P.3d 239 (Utah 2003). Relying on the *Hawatmeh* footnote, the State argued in response that the defendant had not preserved the issue because he had raised the issue only before he was convicted. *See id.* at ¶ 11 n. 4. The court dismissed the State's argument, noting

> [t]he State interprets [the *Hawatmeh* footnote] to mean that the issue of merger cannot be properly considered until after a jury has rendered its verdict and defendant is subject to multiple *convictions* for the same act. However, a brief review of *Finlayson* clearly contradicts this interpretation. . . . [In the *Hawatmeh* footnote] the court was merely explaining that double jeopardy considerations were not properly implicated at the bindover phase of a criminal prosecution. . . . Smith preserved this issue.

*Id.* (quotations and citation omitted). Because the court was addressing how a defendant can preserve a merger argument, the *Smith* court's conclusion, "the issue of merger cannot be properly considered," *id.,* refers to when the defendant should make the argument not when the court should make its ruling. Thus, these cases hold that a defendant can preserve the merger argument by raising the issue "at any time, either during trial, or following the conviction on a motion to vacate." *Finlayson,* 2000 UT 10 at ¶ 24, 994 P.2d 1243. However, these cases do not address when the court should rule on the issue of merger.

■ ¶ 8 Courts apply the merger doctrine as one means of alleviating the concern of double jeopardy that a defendant should not be punished twice for the same crime. *See Smith,* 2003 UT App 179 at ¶¶ 11–12, 16, 72 P.3d 692; *see also,* U.S. Const. amend V; Utah Const. art. I, § 12. The merger doctrine does not apply before trial because the

double jeopardy protections attach only " 'when an accused is put on trial ... and a jury has been sworn and impaneled.' " *State v. Cram*, 2002 UT 37,¶ 8, 46 P.3d 230 (quoting *State v. Ambrose*, 598 P.2d 354, 358 (Utah 1979)) (alteration in original). Accordingly, the protections provided by the merger doctrine are not applicable before trial. The trial court cannot assess whether, under the particular facts of the case, one charge merges into another until the prosecution has presented its case and the jury has convicted the defendant of multiple charges. To rule otherwise would provide protection against a danger that does not exist.

¶ 9 We recognize that trial courts have a compelling interest in running trials efficiently and in imposing as little burden on juries as possible. However, a premature dismissal of a charge in this context would deprive the jury of a legitimate option and create a new danger. The jury would not have the choice to convict on the aggravated kidnapping charge and acquit on the attempted murder charge. Hence, a premature merger ruling presents the possibility that Lopez could go free on both charges even if the state could have proved the aggravated kidnapping charge. Thus, the defense can object that charges merge "at any time, either during trial, or following the conviction on a motion to vacate," *id.* (citing *Finlayson*, 2000 UT 10 at ¶ 24, 994 P.2d 1243), but the trial court should rule on the objection only if the jury returns convictions.[1]

## CONCLUSION

¶ 10 The trial court erred by ruling on the merger objection prior to trial. The merger doctrine's protections do not apply until the jury has returned convictions, and premature merger rulings create a new danger. Accordingly, we vacate the dismissal and remand.

¶ 11 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and RUSSELL W. BENCH, Associate Presiding Judge.

---

1. "Although resolution of the above issue is dispositive of the present case," our general rule is that "where an appellate court finds that it is necessary to remand for further proceedings, it has the duty of pass[ing] on matters which may then become material." *Bair v. Axiom Design, L.L.C.*, 2001 UT 20,¶ 22, 20 P.3d 388 (alteration in original) (quotations and citation omitted); *see also* Utah R.App. P. 30(a). In this case, it would be improper to determine whether merger should apply because, like the trial court, we do not have all of the relevant facts before us. We do note, however, that where merger applies, generally the lesser offense merges into the greater offense. In this case, the trial court would have departed from this practice and merged the greater offense into the lesser offense.