2006 UT App 327

**STATE of Utah, Plaintiff and Appellee,**

v.

**Gregory Shane WAREHAM, Defendant and Appellant.**

**No. 20050412–CA.**

Court of Appeals of Utah.

Aug. 10, 2006.

Autumn Fitzgerald, Fitzgerald & Fitzgerald, Moab, for Appellant.

Mark L. Shurtleff, Attorney General's Office, and Christopher D. Ballard, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BENCH, BILLINGS, and THORNE.

## OPINION

THORNE, Judge:

¶1 Gregory Shane Wareham appeals his conviction on multiple criminal counts. We affirm each of Wareham's convictions, but reverse the enhancement of his driving under the influence (DUI) offense. *See* Utah Code Ann. §§ 41-6a-502, -503 (2005).

## BACKGROUND

¶2 Wareham and Jennifer Malaska, the victim in this case, lived together in a domestic relationship from 1999 through 2003. The two continued to see each other after Wareham moved out of Malaska's home.

¶3 On March 24, 2004, Wareham and Malaska traveled from her home in La Sal, Utah, to Monticello, Utah, where Wareham was seeking employment. After Wareham met with his prospective employer, the pair purchased several bottles of alcohol and planned to go hiking. At some point, they abandoned this plan and returned to Malaska's house. Wareham left the house to visit a friend and returned, drunk, about an hour later. Upon returning, Wareham began to tear things off the walls and "ransack[ed] the house." Malaska felt physically threatened by Wareham's violent actions and described Wareham's outburst as unprovoked and irrational.

¶4 Wareham left the house again for about thirty minutes. Upon returning, he threw a log through the window and began punching and kicking Malaska after she let him in. The beating was severe, causing Malaska's teeth to penetrate her lip. Wareham then dragged Malaska out the front door by her hair and forced her into his truck. While in the truck, Wareham told Malaska that her daughter no longer needed a mother, and otherwise implied that he was going to kill Malaska. Wareham drove a short distance

and stopped, at which point Malaska escaped and ran to police who had arrived at her house.

¶ 5 Wareham's version of events differs. He claims that upon his return from his friend's house, Malaska angrily accused him of stealing her bottle of Jaegermeister. She then instigated a fight and hit him with a porcelain lamp, leaving a deep gash on his hand. Wareham then went outside, but she ran after him and jumped in the front seat of his truck. He jumped in as well, assuming that even after this violent interaction, the two would proceed with plans to go camping.

¶ 6 On the day of trial, Wareham sought a continuance based, in part, on his dissatisfaction with the performance of his appointed counsel, William Benge. The trial court heard from Wareham and Benge regarding Wareham's dissatisfaction with Benge's performance, and concluded that trial could proceed with Benge as counsel. Wareham additionally sought to disqualify Benge as his counsel because Benge had formerly prosecuted Wareham for a DUI offense. As a result, Wareham asserted that he was unable to trust Benge to conduct his defense. The trial court did not inquire into the details of the prior prosecution and ruled that there was no legitimate conflict between Wareham and Benge.

¶ 7 Wareham raised this alleged conflict of interest again on the second day of trial. The trial court, aware of Wareham's dissatisfaction with Benge's performance, excused the jury and conferenced with Wareham and both attorneys to address tactical disputes between Benge and Wareham. During this conference, Wareham attempted to make a pro se motion for a mistrial. At this time, it was ascertained that Benge's prior prosecution of Wareham resulted in a 2002 guilty plea to a DUI offense. The court never expressly ruled on Wareham's mistrial motion and trial continued with Benge as Wareham's counsel.

¶ 8 Wareham was convicted of five offenses arising out of the March 24 incident: aggravated kidnapping, a first degree felony, *see* Utah Code Ann. § 76–5–302 (2003); DUI with prior offense enhancement, a third degree felony, *see id.* §§ 41–6a–502, –503;

criminal mischief and assault, both class B misdemeanors, *see id.* §§ 76–6–106(2)(c) (2003), 76–5–102 (2003); and intoxication and open container in a vehicle, both class C misdemeanors, *see id.* §§ 76–9–701(1) (2003), 41–6a–526 (2005). Wareham now appeals.

## ISSUES AND STANDARDS OF REVIEW

██ ¶ 9 Wareham argues that the trial court's reasonable doubt instruction misstated the law by including the word obviate. " 'A challenge to a jury instruction as incorrectly stating the law presents a question of law, which we review for correctness.' " *State v. Weisberg,* 2002 UT App 434, ¶ 12, 62 P.3d 457 (quoting *State v. Lucero,* 866 P.2d 1, 3 (Utah Ct.App.1993)).

██ ¶ 10 Wareham alleges that the trial court abused its discretion by denying Wareham's motion to disqualify counsel. A trial court's denial of a motion to disqualify counsel is generally reviewed for abuse of discretion. *See Margulies v. Upchurch,* 696 P.2d 1195, 1200 (Utah 1985). However, due to the "special interest in administering the law governing attorney ethical rules," a trial court's discretion in situations implicating those rules is "limited." *Houghton v. Utah Dep't of Health,* 962 P.2d 58, 61 (Utah 1998).

██ ¶ 11 Wareham next argues that the court abused its discretion in denying him a continuance to locate a third character witness. "A trial court's decision to either grant or deny a continuance is clearly within its discretion." *State v. Tolano,* 2001 UT App 37, ¶ 5, 19 P.3d 400.

██ ¶ 12 Wareham asserts that the trial court should have merged his kidnapping and assault charges. "Merger issues present questions of law, which we review for correctness." *State v. Diaz,* 2002 UT App 288, ¶ 10, 55 P.3d 1131.

██ ¶ 13 Finally, Wareham claims that the presiding judge failed to remove the trial court judge after the trial court judge failed to recuse himself for disregarding Wareham's pro se filings. Issues of recusal present questions of law that we review for cor-

rectness. *See State v. Alonzo,* 973 P.2d 975, 979 (Utah 1998).

## ANALYSIS

### I. Jury Instruction on Reasonable Doubt

¶ 14 Wareham argues that the jury instructions inadequately explained the concept of reasonable doubt because they included the phrase "eliminate (or obviate) all reasonable doubt." Wareham bases his assertion of error on *State v. Reyes,* 2005 UT 33, 116 P.3d 305, which abandoned the requirement that juries be instructed that to return a guilty verdict the evidence must obviate all reasonable doubt. *See id.* at ¶¶ 25–30; *see also State v. Robertson,* 932 P.2d 1219 (Utah 1997), *overruled in part by Reyes,* 2005 UT 33, 116 P.3d 305. We decline to address this issue under the doctrine of invited error.

¶ 15 "A jury instruction may not be assigned as error, even if such instruction would otherwise constitute manifest injustice, 'if counsel, either by statement or act, affirmatively represented to the court that he or she had no objection to the jury instruction.'" *State v. Pinder,* 2005 UT 15, ¶ 62, 114 P.3d 551 (quoting *State v. Hamilton,* 2003 UT 22, ¶ 54, 70 P.3d 111); *see also State v. Geukgeuzian,* 2004 UT 16, ¶ 9, 86 P.3d 742. "'This prevents a party from taking advantage of an error committed at trial when that party led the trial court into committing the error.'" *Pinder,* 2005 UT 15 at ¶ 62, 114 P.3d 551 (quoting *Hamilton,* 2003 UT 22 at ¶ 54, 70 P.3d 111).

¶ 16 Here, Wareham's counsel not only affirmatively approved of the use of the word obviate, but actually insisted that it be inserted into the instructions. Accordingly, we decline to address this issue as invited error.[1]

### II. Trial Counsel's Prior Prosecution of Wareham

¶ 17 Wareham argues that the trial court erred when it failed to disqualify Benge

as Wareham's trial counsel because Benge had previously prosecuted Wareham on a DUI offense. We determine that the trial court abused its discretion in failing to disqualify Benge to the extent that the prior conviction was utilized to enhance an offense in the present case. Accordingly, we reverse the enhancement of Wareham's DUI conviction.

¶ 18 In the criminal law context, a conflict of interest of the type asserted by Wareham is typically created when a former defense attorney subsequently *prosecutes* his former client. *See State v. Hursey,* 176 Ariz. 330, 861 P.2d 615, 617–18 (1993); *see also* Utah R. Prof. Conduct 1.9 (governing an attorney's duties to former clients). The *Hursey* court noted that, in such circumstances, there is a substantial danger that confidential information revealed to counsel during the original attorney-client relationship could be used against the client in the subsequent prosecution. *See* 861 P.2d at 617. The court concluded that prior representation of a criminal defendant precludes an attorney's subsequent prosecution of the same client: "'[W]e cannot say without speculation that the prosecutor's knowledge of those prior cases will not actually result in prejudice to defendant. The public trust in the integrity of the judicial process requires us to resolve any serious doubt in favor of disqualification.'" *Id.* at 618 (emphasis omitted) (quoting *State v. Tippecanoe County Court,* 432 N.E.2d 1377, 1379 (Ind.1982)).

¶ 19 This case presents a reversal of roles from those addressed in *Hursey.* Here, an attorney is defending a client whom he previously prosecuted. Generally, such an arrangement is not prejudicial to criminal defendants because there is no danger of misuse of a defendant's previously imparted confidential information. To the contrary, a criminal defendant may actually receive some benefit from his counsel's prior prosecutorial experience. Accordingly, we see no inherent conflict of interest when

---

1. Subsequent caselaw strongly suggests that the reasonable doubt instructions were not erroneous in this case. *See State v. Halls,* 2006 UT App 142, ¶¶ 12–20, 134 P.3d 1160 (approving jury instruction that included language "eliminate all reasonable doubt" as consistent with *State v. Reyes,* 2005 UT 33, 116 P.3d 305, because the instructions as a whole correctly communicated the concept of reasonable doubt to the jury).

a criminal defendant is represented by counsel who has previously prosecuted him on unrelated matters.

¶ 20 We do, however, identify a limited conflict of interest in the circumstances of this case. Wareham's current DUI charge was enhanced to a felony based on prior DUI convictions, including the 2002 conviction. It is possible that some irregularity or impropriety existed in the 2002 conviction that would preclude it from being used to enhance the present charge. *See, e.g., State v. Ferguson,* 2005 UT App 144, ¶ 19, 111 P.3d 820 (holding that prior convictions obtained without assistance of counsel or waiver of the right to counsel may not be used for enhancement purposes), *cert. granted,* 124 P.3d 634 (Utah 2005). Thus, Benge had a duty as Wareham's present counsel to identify any defect in the prior conviction that might allow Wareham to avoid enhancement of his current DUI offense.

¶ 21 We have previously determined that a lawyer should not be forced to take a position that might undermine the integrity of his professional reputation. *See State v. Garrett,* 849 P.2d 578, 580 n. 3 (Utah Ct.App.1993). In *Garrett,* we emphasized that when a defendant is arguing that his counsel's ineffective performance led to conviction, the defendant must be represented by new counsel on appeal because it is " 'unreasonable to expect [trial counsel] to raise the issue of his own ineffectiveness at trial on direct appeal.' " *Id.* (alteration in original) (quoting *Jensen v. DeLand,* 795 P.2d 619, 621 (Utah 1989)). Here, in order to zealously represent Wareham, Benge might be forced to argue that his own prior success was somehow improper or irregular, or even a result of his own misconduct. Although we are not implying that Benge's actions as a prosecutor were improper, irregular, or otherwise unethical, we do not think a defense attorney should have to scrutinize and attack his own prior actions in the courtroom in an attempt to eliminate the possibility of a DUI enhancement for his present client.

¶ 22 Together, *Garrett* and *Ferguson* lead us to the conclusion that defense counsel should not be placed in the position where zealous representation of a current client forces him to attack his own previous success prosecuting that same client. Although there may in fact have been no merit to attacking Wareham's 2002 conviction, Wareham was entitled to an attorney whom he could trust to impartially evaluate the prior conviction and take any available steps to avoid enhancement of his current offense. Because Wareham sought Benge's disqualification on this ground, we hold that the trial court abused its discretion in failing to disqualify Benge from representing Wareham as to the enhancement of his current DUI charge.[2]

¶ 23 We determine that the remedy for this abuse of discretion is the reversal of the enhancement of Wareham's current DUI offense. *See State v. Lovell,* 1999 UT 40, ¶ 22, 984 P.2d 382 (noting that the Sixth Amendment guarantees the right to "conflict-free representation"). As we note above, however, an attorney's prosecution of an individual presents no general bar to the attorney's subsequent representation of that individual in a criminal defense capacity. Wareham has not demonstrated that Benge's conflict of interest with regard to the DUI enhancement extended to or negatively affected any other aspect of his representation of Wareham. Accordingly, we reverse only the enhancement of Wareham's DUI offense, and not the underlying DUI conviction itself or any of Wareham's other convictions.

### III. Motion for Continuance

¶ 24 Wareham sought a trial continuance for the purpose of locating an additional character witness, Diana Hacker. Wareham believed that Hacker could contribute to the case because she had lived next door to Malaska for a long period of time and could provide valuable insight into Malaska's credibility. She could also allegedly testify to Malaska's pattern of violent behavior against Wareham, bolstering Wareham's version of

---

2. Wareham did not raise this conflict until the day of trial. We note that, in such circumstances, the State could avoid any resulting continuance by opting to forgo the enhancing effect of the prior conviction obtained by defense counsel.

events. The trial court denied Wareham's motion for a continuance.

¶ 25 We see no abuse of discretion in the trial court's action. At a minimum, a trial court will not be found to have exceeded the bounds of its discretion unless the missing witness can be produced within a reasonable time and the witness's testimony has a reasonable likelihood of benefitting the defendant. *See State v. Horton,* 848 P.2d 708, 714 (Utah Ct.App.1993); *see also State v. Taylor,* 2005 UT 40, ¶ 8, 116 P.3d 360. Here, Wareham provided the trial court with no indication that Hacker could be reached within a reasonable time. Wareham's assertion that Hacker could be quickly produced because she lives somewhere in Colorado is not sufficient to satisfy the reasonable time requirement. Further, Hacker's testimony would have been duplicative of two other character witnesses who testified at trial, and thus of limited benefit to Wareham's theory of the case.

¶ 26 Therefore, we conclude that the trial court did not abuse its discretion when it denied Wareham's motion for a continuance to obtain Hacker's testimony.

### IV. Merger

¶ 27 Wareham argues that the trial court erred in failing to merge his convictions for assault and aggravated kidnapping into a single count of aggravated kidnapping. "The question of merger arises when '[t]wo statutes or two portions of a single statute proscribe certain conduct, and the question is whether the defendant can be punished twice because his conduct violates both proscriptions.'" *State v. Lopez,* 2004 UT App 410, ¶ 4, 103 P.3d 153 (quoting *Gore v. United States,* 357 U.S. 386, 393–94, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958) (Warren, C.J., dissenting)). Wareham argues that his actions constituted a single course of criminal conduct that can be punished only once.

¶ 28 Generally, issues not raised by objection at trial are not preserved for appeal. *See State v. Pinder,* 2005 UT 15, ¶ 45, 114 P.3d 551. A defendant can preserve a merger issue in the trial court by objecting "'either during trial, or following the conviction on a motion to vacate.'" *Lopez,* 2004 UT App 410 at ¶ 7, 103 P.3d 153 (citation omitted). Here, Wareham did neither, and the issue is therefore unpreserved. We accordingly decline to address the issue in the absence of plain error or exceptional circumstances. *See State v. Dean,* 2004 UT 63, ¶ 13, 95 P.3d 276.

¶ 29 "To demonstrate plain error, a defendant must establish that (i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant." *Id.* at ¶ 15 (quotations and citations omitted). "If any one of these requirements is not met, plain error is not established." *Id.* (quotations and citations omitted). Here, Wareham cannot establish that the asserted plain error should have been obvious to the trial court because a fair reading of the facts of the case indicates that Wareham committed separate acts of assault and aggravated kidnapping.

¶ 30 It is a reasonable reading of the facts that Wareham committed an assault against Malaska when he returned from his friend's house and violently ransacked her house in her presence. *See* Utah Code Ann. § 76–5–102(1)(b)–(c) (defining assault as "a threat, accompanied by a show of immediate force or violence, to do bodily injury to another" or "an act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another"). Wareham then left the home and returned half an hour later to assault Malaska again and kidnap her. We see no reason why treating these separate incidents as two distinct punishable offenses is plain error, or should have been identified as such by the trial court. *See Dean,* 2004 UT 63 at ¶ 15, 95 P.3d 276 ("To demonstrate plain error, a defendant must establish that (i) an error exists; (ii) the error should have been obvious to the trial court ...." (quotations and citation omitted)).

¶ 31 Because Wareham failed to preserve his merger argument below and it does not qualify as plain error or present exceptional circumstances, we decline to consider the issue on appeal.

### V. Recusal of Trial Court Judge

¶ 32 Wareham's argument that the presiding judge erred in failing to recuse the trial court judge is baseless. Wareham sought recusal of the trial court judge for ignoring various motions and other pleadings that Wareham filed pro se despite being represented by counsel. We see no error here, as Wareham was required to either file motions through his counsel or seek to dismiss his counsel and proceed pro se.

¶ 33 The Illinois Court of Appeals recently visited this issue in *People v. Serio*, 357 Ill.App.3d 806, 294 Ill.Dec. 337, 830 N.E.2d 749 (2005). *Serio* explains that a criminal defendant may either file pro se motions if he or she has opted for self representation, or file motions through counsel if represented. *See id.* at 757. "When a defendant is represented by counsel, he generally has no authority to file pro se motions, and the court should not consider them." *Id.* The defendant may choose self-representation or the assistance of counsel, but is not entitled to a "hybrid representation" where he could both enjoy the assistance of counsel and file pro se motions. *Id.* The only exception to this rule is that a defendant may file a pro se motion to disqualify his appointed counsel. *See id.*

¶ 34 We adopt the reasoning in *Serio* and find no error below.[3]

### CONCLUSION

¶ 35 We determine that the trial court erred in failing to disqualify Wareham's appointed counsel from defending him against enhancement of his current DUI offense. Counsel had prosecuted Wareham on one of the prior DUI offenses that resulted in enhancement in this case, creating a conflict of interest in which counsel might have to attack his own prior work in order to zealously represent Wareham. While Wareham could have waived this conflict of interest, he chose to assert it. Accordingly, we reverse the enhancement of Wareham's DUI offense to the extent that it relies on his 2002 DUI conviction.

¶ 36 In all other respects, we affirm the proceedings below.

¶ 37 I CONCUR: JUDITH M. BILLINGS, Judge.

¶ 38 I CONCUR IN THE RESULT: RUSSELL W. BENCH, Presiding Judge.

---

**3.** We note that the trial court did address Wareham's motion for disqualification of counsel while justifiably disregarding all of Wareham's other pro se filings. *See People v. Serio*, 357 Ill.App.3d 806, 294 Ill.Dec. 337, 830 N.E.2d 749, 757 (2005).