2011 UT App 155

STATE of Utah, Plaintiff, Appellant, and Cross-appellee,

v.

James Benjamin WHITE, Defendant, Appellee, and Cross-appellant.

No. 20090279–CA.

Court of Appeals of Utah.

May 12, 2011.

Mark L. Shurtleff and Ryan D. Tenney, Salt Lake City, for Appellant.

Ronald Fujino, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

## OPINION

THORNE, Judge:

¶1 The State of Utah appeals from the district court's final order dismissing, with prejudice, one third degree felony count of criminal nonsupport against James Benjamin White. *See generally* Utah Code Ann. § 76–7–201 (2008) (establishing crime of criminal nonsupport). White cross-appeals from that same order. We affirm.

## BACKGROUND

¶2 In January 2001, the State charged White with one count of criminal nonsupport, alleging that he had failed to provide support for his two minor daughters from mid–1994 through 2000. Over the next several years, the case was delayed for multiple reasons, including White's incarceration in Colorado on an unrelated matter, his repeated conflicts with numerous attorneys appointed to represent him, and his filing of hundreds of pages of motions, both through counsel and pro se.

¶3 In December 2008, the district court stayed the proceedings and ordered a competency evaluation for White. After a March 2009 competency hearing, the district court found White incompetent to stand trial. In a March 24, 2009 written order, the district court made various findings relating to White's competency, including his "disjointed thought processes," "distorted perceptions of both the judicial system and reality in general," and "inability to factually or rationally understand proceedings against him." The district court also found that White was unable to "consult with counsel and participate in his defense with a reasonable degree of rational understanding." After spending some ten pages reciting White's inabilities to understand the legal system or work with counsel, the district court concluded that "[White] is absolutely incompetent to proceed to trial on the criminal non-support charge, dated 1994–2000."

¶ 4 Having found White incompetent to stand trial, the district court recognized that, "[u]pon an adjudication that a defendant is not competent to proceed, [Utah Code section 77–15–6] directs the procedure to restore competency."[1] The court then stated its opinions that section 77–15–6 "addresses cases where medication and treatment at the State Hospital are likely to be beneficial," that the statute gives priority to defendants charged with more serious crimes, and that the charge against White "carries less weight." Turning to the likelihood of restoring White's competency, the court found no indication that White would cooperate with treatment, that treatment would be beneficial, or that any restoration to competency was likely or could occur within a reasonable period of time.

¶ 5 Despite these findings, the district court observed that "[t]he controlling statute is clear that [White's] non-compliance is not a basis for dismissal." "But," the court continued, "my responsibility as Judge requires I weigh all applicable factors." The court then stated,

> The allegations in this case are nine to fifteen years old. The evidence is sufficiently stale that neither party is likely to get a fair trial. The minor children are approaching majority. There is no likelihood that restitution ever would be paid, even if defendant were tried and convicted.

> There simply are not sufficient interests to justify expending any more resources on this case or allowing it to proceed any further.

In light of these factors, and based on its conclusion that White was incompetent and unlikely to become competent within a reasonable time, the court dismissed the charge against White with prejudice.

¶ 6 The State filed a timely motion to alter or amend the judgment, asserting that Utah Code section 77–15–6 contains mandatory language that required the court to commit White for an attempt at competency restoration prior to dismissing the case. The district court denied that motion,[2] and the State appeals. White also filed an appeal and has been deemed the cross-appellee in this matter.

## ISSUE AND STANDARD OF REVIEW

 ¶ 7 The only issue properly before this court is the State's argument that the district court erred in dismissing White's case instead of committing White into custody for purposes of an attempt at competency restoration pursuant to Utah Code section 77–15–6.[3] We review the district court's dismissal of a criminal case for abuse of discretion. *See* Utah R.Crim. P. 25(a) (stating that a trial court may dismiss a criminal matter "[i]n its discretion, for substantial cause and in furtherance of justice").

## ANALYSIS

### I. The State's Appeal

 ¶ 8 The State is appealing only the district court's dismissal order and is not challenging the court's competency determination. We first address this court's jurisdiction to consider the State's appeal and then turn to the question of whether the district court properly dismissed the case against White.

---

1. Utah Code section 77–15–6 provides for the procedures to be followed after a trial court's determination that a criminal defendant is incompetent to stand trial, which generally include the requirement that the defendant be committed into State custody for purposes of attempting to restore competency. *See* Utah Code Ann. § 77–15–6 (2008).

2. In its order denying the State's motion, the district court made further comments justifying its dismissal of White's case. These comments largely reiterated the rationales expressed in the March 24, 2009 dismissal order, but the court did additionally note that its incompetency finding applied only to a nonsupport charge arising from the 1994–2000 time frame. Accordingly, the court noted that its ruling "affords the State the opportunity to pursue more recent charges, if appropriate, with fresher evidence, more accessible records, [and] more readily available witnesses."

3. As explained later in this opinion, there are no issues properly presented to the court on White's cross-appeal.

## A. Jurisdiction

¶ 9 As an initial matter, this court requested the State to brief the question of "whether it is entitled to appeal the district court's dismissal of the case under Utah Code section 77–18a–1(3), as opposed to the determination of competency." In response, the State argues that it has the statutory right to appeal both the competency determination and the dismissal order. We agree with the State that section 77–18a–1(3) confers jurisdiction over the State's appeal.

¶ 10 Section 77–18a–1(3) lists several types of judgments and orders that the State "may, as a matter of right, appeal from," including "a final judgment of dismissal" and "an order adjudicating the defendant's competency to proceed further in a pending prosecution." See Utah Code Ann. § 77–18a–1(3)(a), (g) (2008). Thus, the State is correct that it could have appealed from the district court's competency determination regardless of whether that determination resulted in a dismissal. See id. § 77–18a–1(3)(g). When the district court did proceed to dismiss the case, however, the State was also entitled to appeal from the final judgment of dismissal.[4] See id. § 77–18a–1(3)(a). Accordingly, we have jurisdiction over the State's appeal from the district court's final judgment of dismissal.

## B. The District Court's Dismissal of White's Case

¶ 11 A trial court's dismissal of a criminal case without trial is governed by rule 25 of the Utah Rules of Criminal Procedure. Rule 25(a) states, "In its discretion, for substantial cause and in furtherance of justice, the court may, either on its own initiative or upon application of either party, order an information or indictment dismissed." Utah R.Crim. P. 25(a).

¶ 12 Explaining rule 25(a)'s grant of discretion, the Utah Supreme Court has stated that criminal proceedings "are in the interests of and for the protection of the public" and that dismissing a criminal case constitutes a "seri-

ous responsibility." See Salt Lake City v. Hanson, 19 Utah 2d 32, 425 P.2d 773, 775 (1967) (applying rule 25's predecessor, Utah Code section 77–51–4); see also Utah Code Ann. § 77–51–4 (1953) ("The court may, either of its own motion or upon the application of the district attorney, in furtherance of justice order an action, information or indictment to be dismissed."). Because the dismissal of a criminal case is such a serious matter, rule 25 expressly requires a dismissing court to state its reasons for dismissal on the record "[so] that all may know what invokes the court's discretion and whether its action is justified." Hanson, 425 P.2d at 775; see also Salt Lake City v. Dorman–Ligh, 912 P.2d 452, 456 (Utah Ct.App.1996) (stating that dismissals grounded solely on prosecutorial misconduct are "rarely appropriate"). "A dismissal in furtherance of justice, upon review, must show that there has been the exercise of a valid legal discretion, amounting to more than the substitution of the predilections of a judge for the alleged predilections of the peace officers." People v. Beasley, 5 Cal.App.3d 617, 85 Cal.Rptr. 501, 528 (1970) (internal quotation marks omitted).

¶ 13 The district court clearly complied with the requirement that it state its reasons for dismissal on the record. In two lengthy written rulings, the district court "weigh[ed] all applicable factors" and concluded that dismissal was warranted. The district court's reasons for dismissing White's case included the court's conclusion that White was incompetent and unlikely to become competent within a reasonable time; the age of the case; that "neither party [was] likely to get a fair trial" due to the staleness of the evidence; the approaching majority of the children whose support was at issue; the low probability that White would ever pay restitution; and the State's ability to bring a similar charge based on more recent evidence.

¶ 14 The State does not argue that the district court's stated reasons for the dismissal of White's case fail to meet the "sub-

---

4. We note that some dismissals represent acquittals on the merits and are therefore not appealable by the State. See, e.g., State v. Jackson, 857 P.2d 267, 269 (Utah Ct.App.1993). This case, where the dismissal was premised on multiple factors not going to White's guilt or innocence, does not present such a circumstance.

stantial cause and in furtherance of justice" standard or that, under the circumstances, the dismissal exceeded the bounds of the district court's discretion.[5] Rather, relying on Utah Code section 77–15–6(1), the State argues that once the district court found White incompetent to stand trial, it was *required* to commit him into custody for the attempted restoration of his competency. With certain exceptions not applicable here, section 77–15–6(1) states that if, after a hearing, a person is found incompetent to stand trial, "the court *shall* order the defendant committed to the custody of the executive director of the Department of Human Services or his designee for the purpose of treatment intended to restore the defendant to competency." Utah Code Ann. § 77–15–6(1) (2008) (emphasis added).

¶ 15 We agree with the State that commitment for competency restoration is mandatory under section 77–15–6(1).[6] The legislature's use of the word "shall" clearly evinces an intent that the State be given the opportunity to attempt to restore a defendant's competency to stand trial prior to dismissal of the charge due to incompetency. *See generally Diener v. Diener*, 2004 UT App 314, ¶ 12, 98 P.3d 1178 ("Ordinarily, the use of the word 'shall' in a statute creates a mandatory condition, eliminating any discretion on the part of the courts."). Thus, as a general rule, the district court may not dismiss a criminal case solely on grounds of the defendant's incompetency to stand trial without giving the State an opportunity to attempt competency restoration.

¶ 16 If the district court had relied solely on White's incompetency as the reason for dismissal, we might well agree that the State is entitled to a reversal of the dismissal order and a remand for further proceedings pursuant to section 77–15–6. However, by the express terms of the dismissal order, the district court "weigh[ed] all applicable factors" in deciding whether or not to dismiss White's case. Some of these factors—such as the court's reasons for finding White incompetent and its finding that White was unlikely to regain competency—are clearly related to White's competency and therefore implicate section 77–15–6. However, other factors—such as the age of the case and the unlikelihood of either side getting a fair trial due to the staleness of the evidence—are, at most, only tangentially related to White's competence. In light of the totality of the circumstances considered by the district court, we cannot characterize the dismissal order as one relying solely on White's incompetency. For that reason, we reject the State's argument that this case is controlled by Utah Code section 77–15–6.

¶ 17 The State was entitled to challenge all aspects of the dismissal order, including whether the district court's stated reasons for dismissing White's case demonstrated, in their totality, "substantial cause and [the] furtherance of justice," *see* Utah R.Crim. P. 25(a). However, the only issue that the State has preserved and presented on appeal is its argument that commitment for competency restoration was absolutely required upon the district court's finding of White's incompetency. We have rejected that argument in light of the district court's detailed orders enumerating the totality of the circumstances justifying its dismissal decision. There is no argument before us that the reasons actually stated by the district court do not adequately "invoke[ ] the court's discretion" to dismiss. *See generally Salt Lake City v. Hanson*, 19 Utah 2d 32, 425 P.2d 773, 775 (1967). We therefore do not address that issue.[7] Accordingly, the State

---

5. Nor were such arguments preserved for appeal in the district court. *See generally State v. Cruz*, 2005 UT 45, ¶ 33, 122 P.3d 543 ("'As a general rule, claims not raised before the trial court may not be raised on appeal.'" (quoting *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346)).

6. The district court also appears to have recognized the mandatory nature of Utah Code section 77–15–6(1) when it stated in its dismissal order, "[u]pon an adjudication that a defendant is not competent to proceed, [Utah Code section 77–15–6] directs the procedure to restore competency," and "[t]he controlling statute is clear that [White's] non-compliance is not a basis for dismissal."

7. Similarly, we do not address the State's argument that any dismissal under rule 25 should have been without prejudice. The State raised this argument for the first time in its reply brief, and we do not consider arguments raised for the

has not demonstrated any error in the district court's dismissal order, and we decline to disturb the district court's ruling.

## II. White's Cross-appeal

■ ¶ 18 White also filed a notice of appeal and has been designated as the cross-appellant in this matter. He prepared a pro se brief in which he raises multiple issues, including some issues challenging the district court's determination that he was incompetent to stand trial. White's appellate counsel indicated to this court that counsel would be filing White's pro se brief along with counsel's own brief. In response, this court ordered that White's pro se brief would not be accepted because White was represented by counsel. *Cf. State v. Wareham*, 2006 UT App 327, ¶¶ 32–34, 143 P.3d 302 (holding that a criminal defendant who is represented by counsel may not generally file pro se motions, with the exception of motions to disqualify counsel). White's counsel ultimately submitted an appellate brief on White's behalf, defending the district court's dismissal orders and arguing that there is no jurisdiction for White to raise any appellate issues. Nevertheless, counsel's brief included White's pro se brief as an addendum.

■ ¶ 19 We determine that there are no issues before the court on cross-appeal. The body of the brief filed by White's counsel asserts no such issues, and we do not consider arguments raised only as addenda. *See generally Harris v. IES Assocs., Inc.*, 2003 UT App 112, ¶ 39, 69 P.3d 297 ("[I]t is improper to use an addendum to incorporate argument by reference that should be included in the body of the brief." (alteration in original) (internal quotation marks omitted)). Moreover, White's counsel appears to be correct that White cannot appeal from the dismissal orders. A criminal defendant has no appeal of right from the dismissal of the case against him. *See* Utah Code Ann. § 77–18a–1(1) (2008) (listing matters which a criminal defendant may appeal as a matter of right).

¶ 20 White may appeal from "an order adjudicating [his] competency to proceed further in a pending prosecution." *See id.* § 77–18a–1(1)(c). Although White's pro se

brief does attempt to raise some issues relating to the district court's competency determination, any appeal regarding that determination is now moot: the district court dismissed the charge against White with prejudice, and this court has now affirmed that dismissal. *See generally State v. Lane*, 2009 UT 35, ¶¶ 18–19, 212 P.3d 529 (discussing the dismissal of an underlying case as rendering appeals arising in that case moot).

¶ 21 In any event, there are no issues properly before this court on cross-appeal. White's pro se brief was rejected in light of his representation by counsel, and counsel's brief did not pursue any of White's assertions. As there are no cross-appellate issues properly before the court, we also affirm the district court as to White's cross-appeal.

## CONCLUSION

¶ 22 We agree with the State that Utah Code section 77–15–6 requires that defendants found incompetent to stand trial be committed into custody for the purpose of treatment intended to restore competency. However, we conclude that section 77–15–6 does not eliminate the district court's discretion to dismiss a criminal case "for substantial cause and in furtherance of justice," *see* Utah R.Crim. P. 25(a), even when such a dismissal might coincide with an initial competency determination. Here, the district court explained its multiple reasons for dismissing the charge against White, and the State has failed to demonstrate on appeal that dismissal was inappropriate in light of the totality of the circumstances relied upon by the district court. White also fails to present any issues on cross-appeal that would require us to disturb the ruling below. Accordingly, the district court's order dismissing the charge against White with prejudice is affirmed.

¶ 23 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge, and MICHELE M. CHRISTIANSEN, Judge.

first time in reply. *See, e.g., State v. Weaver*, 2005 UT 49, ¶ 19, 122 P.3d 566 (determining that

matters raised for the first time in the reply brief will not be considered).